UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA           :

        - v -                             :    S2 11 Cr. 878

VLADIMIR TSASTSIN,                 :
ANDREY TAAME,
TIMUR GERASSIMENKO,                :
DMITRI JEGOROV,
VALERI ALEKSEJEV,                  :
KONSTANTIN POLTEV, and
ANTON IVANOV,                      :

        Defendants.                :
------------------------------------------------------------X


## GOVERNMENT'S MOTION PURSUANT TO
## TITLE 18, UNITED STATES CODE, SECTION 3771




USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/16/11

PREET BHARARA
United States Attorney
Southern District of New York
Attorney for the United States of America

SARAH Y. LAI
JAMES J. PASTORE, JR.
ALEXANDER J. WILSON
Assistant United States Attorneys
    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA            :

          - v -                          :       S2 11 Cr. 878

VLADIMIR TSASTSIN,                  :
ANDREY TAAME,
TIMUR GERASSIMENKO,                 :
DMITRI JEGOROV,
VALERI ALEKSEJEV,                   :
KONSTANTIN POLTEV, and
ANTON IVANOV,                       :

          Defendants.                    :
------------------------------------------------------------X

## GOVERNMENT'S MOTION PURSUANT TO
## TITLE 18, UNITED STATES CODE, SECTION 3771

The Government respectfully submits this motion, pursuant to Title 18, United States Code, Section 3771, seeking entry of the attached proposed order which describes the procedures to be followed in notifying potential victims of public proceedings to be held in this case.

### Applicable Law

The Justice for All Act of 2004 (the "Act") expanded the rights of victims in federal criminal proceedings and established certain requirements concerning the Government's notification of victims. *See* 18 U.S.C. § 3771(a). The Act provides that crime victims have the following rights: (1) the right to be reasonably protected from the accused; (2) the right to reasonable, accurate, and timely notice of any public court proceeding, or parole proceeding, involving the crime, and timely notice of the release of the defendant; (3) the right not to be

excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding; (4) the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; (5) the reasonable right to confer with the attorney for the Government in the case; (6) the right to full and timely restitution as provided in law; (7) the right to proceedings free from unreasonable delay; and (8) the right to be treated with fairness and with respect for the victim's dignity and privacy. *See* 18 U.S.C. § 3771(a). The Act defines a victim of a crime as "a person directly and proximately harmed as a result of the commission of a Federal offense. . . ." 18 U.S.C. § 3771(e).

Section 3771 requires that the Court ensure that crime victims are afforded the rights enumerated in the statute, *see* 18 U.S.C. 3771(b), and obligates the Government to use "best efforts to see that crime victims are notified of, and accorded, the rights" provided, *see* 18 U.S.C. § 3771(c). The Act does not set forth any specific notification procedures. In addition, the Act recognizes that in cases involving a large number of crime victims, it may be impracticable to accord all of the victims the rights identified in Section 3771(a). *See* 18 U.S.C. § 3771(d)(2). Specifically, it provides that in such cases, "the court shall fashion a reasonable procedure to give effect to [the Act] that does not unduly complicate or prolong proceedings." *Id.* A number of Courts in this district have addressed the effect of the Act in cases involving large numbers of victims and have approved procedures similar to those proposed and outlined below. *See, e.g., United States v. Bernard L. Madoff, 09 Cr. 213 (DC); United States v. David G. Friehling, 09 Cr. 700 (AKH); United States v. Frank DiPascali, Jr., 09 Cr. 764 (RJS); United States v. Rigas,* S1

2

02 Cr. 1236 (LBS); *United States v. Ebbers*, S3 02 Cr. 1144 (BSJ); *United States v. Eberhard*, S1 03 Cr. 562 (RWS); *United States v. Bongiorno*, 05 Cr. 390 (SHS).

## Discussion

The Superseding Indictment alleges, among other things, that the defendants engaged in a massive online advertising fraud that relied on malicious software which hijacked victims' computers, diverting them to websites and advertisements the victims did not intend to view, thereby generating millions of dollars in fraudulent proceeds for the defendants, in violation of Title 18, United States Code, Sections 1349, 1343, and 1030.  The Indictment further alleges, among other things, that TSASTSIN and others laundered these fraudulent proceeds through a series of bank accounts, in violation of Title 18, United States Code, Section 1957, and used a portion of those laundered proceeds to facilitate their continued criminal activity, in violation of Title 18, United States Code, Section 1956.

The Government currently believes that at least 4.2 million computers were infected with malicious software worldwide as part of the scheme.  The victims in this case include government entities such as the National Aeronautics and Space Administration, major commercial Internet Service Providers ("ISPs"), universities, and large corporations, among others.  Many of the end-user victims (e.g., the customers of a particular ISP or an employee within a corporation) are not known to the Government.  Given the number of potential end user victims – nearly all of whom receive Internet service through an intermediate provider – the Government respectfully submits that it is impracticable to give individualized notice to each potential victim.  Therefore, the Government requests a finding that, under these circumstances, the number of potential victims makes it impracticable to accord all of the victims the rights

described in Section 3771(a). In order to give effect to the rights of the victims, however, the Government respectfully submits that the procedure outlined below is "reasonable" under Section 3771(d)(2).

The Government proposes utilizing at least three distinct methods in an effort to notify victims. First, the Government will send notices to approximately 32,000 network operators (i.e., ISPs, corporations, and other entities), and will identify to each network operator the Internet Protocol ("IP") addresses of computers on the particular network that the Government believes are infected with the malicious software that was distributed as part of the defendants' scheme.

Second, pursuant to the previously entered protective order in this case, the third-party receiver, Internet Systems Consortium ("ISC"), will obtain IP addresses that are querying certain replacement servers administered by ISC in an effort to identify victims, and will use industry channels approved by the FBI to alert network operators about infections on their networks. Such notifications will be made through at least on or about March 8, 2012.

Finally, the Government will notify potential victims of significant public court proceeding by posting notice of those proceedings on the Internet website of the Office of the United States Attorney for the Southern District of New York on a separate page dedicated to United States v. Vladimir Tsastsin, et. al. Moreover, it is anticipated that the case will garner substantial media coverage, and that therefore potential victims can expect wide dissemination of publicly available documents and information about the case through several media outlets.

The Government respectfully submits that the proposed notice procedure is reasonable to give effect to the rights of the potential victims in this case, and requests that the Court enter the

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court enter the proposed order.

Dated:     New York, New York
           November 9, 2011

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney

                              By:       _____
                                        Sarah Lai/ James Pastore/ Alexander Wilson
                                        Assistant United States Attorneys
                                        Tel. (212) 637-1944/ 637-2418/ 637-2453

5