UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | **NOTICE OF MOTION** |
| : | |
| – v – : | Docket No. 11-CR-878 (LAK) |
| : | |
| : | |
| TIMUR GERASSIMENKO, DMITRI : | |
| JEGOROV, and KONSTANTIN POLTEV, : | |
| : | |
| Defendants. : | |

_____

**PLEASE TAKE NOTICE** that upon the annexed Affirmation of GLENN A. GARBER, ANTHONY STRAZZA and CALVIN H. SCHOLAR, attorneys at law, dated January 13, 2015, the exhibits attached thereto, the annexed memorandum of law, the public record and all the prior papers and proceedings, the undersigned will move this Court before the Honorable Lewis A. Kaplan, Judge of the United States District Court for the Southern District of New York, at the Courthouse located at 500 Pearl Street, New York, New York, for the following relief:

1. Dismissing the indictment for violating the fair notice requirement under the Due Process Clause of the Fifth Amendment of the United States Constitution, for insufficient evidence pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, and in the interest of justice;

2. Dismissing the indictment under the legal principle of *non bis in idem* because defendants have already been prosecuted in the Republic of Estonia for the same conduct;

3. Suppressing physical and electronic evidence pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, and Title 18 United States Code, Section 3501;

4. Severing defendants' trial (GERASSIMENKO, JEGEROV and POLTEV) from that of co-defendant VLADAMIR TSASTSIN pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure;

5. Directing the government to disclose any and all evidence that would tend to exculpate the defendants, or which would constitute impeachment material of government witnesses, or which would serve to mitigate punishment if any be imposed in this case, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and *United States v. Bagley*, 473 U.S. 667 (1985);

6. Directing the government to disclose any "bad act" or "similar course of conduct" evidence it intends to introduce at trial, and further directing the government to identify the witnesses through whom such evidence will be presented at trial, pursuant to Rules 402 and 404(b) of the Federal Rules of Evidence and Rule 12(d)(2) of the Federal Rules of Criminal Procedure;

7. Leave to make motions predicated upon information contained in discovery material not previously provided or information not presently known, and permission to join in the motions filed by the co-defendants in this matter;

8. In the alternative to the relief requested above, evidentiary hearings and/or oral argument should be held on the motions; and

9. Such other, further, and different relief as this Court may deem just, equitable and proper.

Dated: New York, New York
January 13, 2015

Respectfully submitted,

_____/s/_____
GLENN A. GARBER
*Attorney for TIMUR GERASSIMENKO*
233 Broadway, Suite 2370
New York, NY 10279
Tel: (212) 965-9370
Fax: (212) 965-9375
Email: ggarber@glenngarber.com

ANTHONY STRAZZA
*Attorney for DMITRI JEGOROV*
2027 Williamsbridge Road, 2nd Floor
Bronx, NY 10461
Tel: (914) 844-1551
Fax: (718) 823-6622
Email: astrazza@msn.com

CALVIN H. SCHOLAR
*Attorney for KONSTANTIN POLTEV*
225 Broadway, Suite 715
New York, NY 10007
Tel: (212) 323-6922
Fax: (212) 323-6923
Email: chscholar@aol.com

To: HONORABLE LEWIS A. KAPLAN
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

United States Attorney
Southern District of New York
1 Saint Andrews Plaza
New York, NY 10007
ATTENTION: AUSA SARAH LAI