USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY - 3 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA             :      CONSENT ORDER OF FORFEITURE
                                     :      AS TO SPECIFIC PROPERTY
           -v.-                      :
                                     :      S2 11 Cr. 878 (LAK)
VLADIMIR TSASTSIN,                   :
                                     :
                                     :
           DEFENDANT.                :
- - - - - - - - - - - - - - - - - -x

        WHEREAS, on or about November 1, 2011, VLADIMIR TSASTSIN (the "defendant") was charged, among others, in a twenty-seven count Superseding Indictment (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to commit computer intrusion, in violation of Title 18, United States Code, Section 1030(b) (Count Two); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); computer intrusion furthering fraud, in violation of Title 18, United States Code, Sections 1030(a)(4), 1030(c)(3)(A), and 2 (Count Four); computer intrusion by transmitting data, in violation of Title 18, United States Code, Sections 1030(a)(5)(A), (c)(4)(A)(i)(I) and (IV), (c)(4)(B)(i) and 2 (Count Five); money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and (2) (Count Six); and engaging in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, Sections 1957 and 2 (Counts Seven to Twenty-Seven);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Three, seeking forfeiture to the United States,

pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461, of all property real or personal, which constitutes and is derived from proceeds traceable to the wire fraud offenses charged in Counts one and Three of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation to Counts Two, Four, and Five, seeking the forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), of any property constituting or derived from, proceeds obtained directly and indirectly as a result of the computer intrusion and fraud offenses charged in Counts Two, Four and Five of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation to Counts Two, Four, and Five, seeking the forfeiture to the United States, pursuant to Title 18, United States Code, Section 1030(i) of the defendant's interest in any personal property that was used or intended to be used to commit or to facilitate the commission of the offenses alleged in Counts Two, Four, and Five;

WHEREAS, on or about July 8, 2015, the defendant pled guilty before Honorable Michael H. Dolinger, United States Magistrate Judge for the Southern District of New York, to Counts One and Two of the Indictment, pursuant to a plea agreement with the Government wherein the defendant agreed to forfeit a sum of money equal to $2,500,000 in United States currency (the "Money Judgment"); and

WHEREAS, the Government is seeking forfeiture of the Specific Property attached hereto as <u>Attachment A</u> (the "Specific Property") pursuant to Title 18, United States Code, Section 1030(i), as property used or intended to be used to commit or to facilitate the commission of the offenses alleged in Counts Two, Four and Five;

WHEREAS, the defendant furthermore consents to the forfeiture of the Specific Property as property used or intended to be used or to facilitate the commission of the offenses alleged in Counts Two, Four and Five;

WHEREAS, on or about August 11, 2015, this Court accepted the defendant's guilty pleas to Counts One and Two of the Indictment;

WHEREAS, on or about April 20, 2016, this Court entered a Consent Preliminary Order of Forfeiture/Money Judgment, imposing a Money Judgment against the defendant in the amount of $2,500,000 in United States currency;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Sarah Y. Lai, of counsel, and the defendant, and his counsel, Arkady Bukh, Esq., that:

1. As a result of the commission of the offenses charged in Counts One and Two of the Indictment, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Order of Forfeiture as to Specific Property, this Consent Order of Forfeiture as to Specific Property is final as to the defendant, VALDIMIR TSASTSIN, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Order of Forfeiture as to Specific Property. Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

4. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the

relief sought, pursuant to Title 21, United States Code, Section 853(n).

5. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

6. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

7. The Court shall retain jurisdiction to enforce this Consent Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Order of Forfeiture as to Specific Property, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

9. The Clerk of the Court shall forward three certified copies of this Consent Order of Forfeiture as to Specific Property to Assistant United States Alexander Wilson, Money Laundering and Asset Forfeiture Unit, One Saint Andrew's Plaza, New York, New York, 10007.

10. The signature pages of this Consent Order of Forfeiture as to Specific Property may be executed in one or more counterparts,

each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____    4/26/2016
    SARAH LAI/ALEXANDER WILSON         DATE
    Assistant United States Attorney
    One Saint Andrew's Plaza
    New York, NY 10007
    (212) 637-1994/2453

VLADIMIR TSASTSIN
DEFENDANT

By: _____    04/26/2016
    VLADIMIR TSASTSIN                  DATE

By: _____    _____
    ARKADY BUKH, ESQ.                  DATE
    Attorney for Defendant

SO ORDERED:

_____        4/26/16
HONORABLE LEWIS A. KAPLAN              DATE
UNITED STATES DISTRICT JUDGE

7

## ATTACHMENT A

| Item # | Description |
|---|---|
| 1 | Computer: Ordi Metal, serial number 288397 |
| 2 | Computer: Ordi Reggae, serial number 214748 |
| 3 | Computer: Ordi Reggae, serial number 221387 |
| 4 | Hard disc: HITACHI IC35L060AVV207-0, serial number VNVB02G2EPV8HV |
| 5 | Hard disc: HITACHI HDS722516VLSA80, serial number C4C9DKRM |
| 6 | Computer: Ordi Rock, serial number 183169 |
| 7 | Computer: MANGOS 9081, serial number 502069 |
| 8 | Computer: Ordi Reggae serial number 230013 |
| 9 | Hard disc: SEAGATE , serial number 98Z08KEC |
| 10 | Hard disc: SEAGATE, serial number 6QF1G25M |
| 11 | Hard disc: SEAGATE, serial number 6QF1G25H |
| 12 | Computer: Ordi Solo, serial number 291376 |
| 13 | Hard disc: Seagate, serial number 9QM2A8K5 |
| 14 | Hard disc: Seagate, serial number 9QM6CBF1 |
| 15 | Hard disc: Seagate, serial number 5QM2XWB9 |
| 16 | Hard disc: Western Digital, serial number WCASYF599380 |
| 17 | Hard disc: Hitachi, serial number CCDDNN7D |
| 18 | Hard disc: Seagate, serial number 3QD15PD8 |
| 19 | Hard disc: Seagate, serial number 6QF1X960 |
| 20 | Hard disc: Western Digital, serial number WCAUH0401751 |
| 21 | Hard disc: Western Digital, serial number WCATR8578212 |
| 22 | Computer: Ordi Avangarde, serial number 202649 |
| 23 | Hard disc: Samsung, serial number S01UJ10XA38465 |
| 24 | Hard disc: Seagate, serial number 5QM1C42A |
| 25 | Hard disc: Seagate, serial number 5QM1AYJJ |
| 26 | Hard disc: Seagate, serial number 3JVBXGAT |
| 27 | Computer: Ordi Opera, serial number 204045 |
| 28 | Computer: Ordi, serial number 864623 |
| 29 | Hard disc: Seagate, serial number 5QM2T151 |
| 30 | Computer: Ordi, serial number 9110-153284 |
| 31 | Hard disc: Western Digital, serial number WMAV27124044 |
| 32 | Hard disc: Western Digital, serial number WCAYUP580170 |
| 33 | Hard disc: Seagate, serial number 4ND3LC4W |
| 34 | Hard disc: Seagate, serial number 3HV2E9FL |
| 35 | Hard disc: Western Digital, serial number WMATW0295681 |
| 36 | Hard disc: Western Digital, serial number WCANK2994155 |
| 37 | Hard disc: Seagate, serial number 4ND3L8KL |
| 38 | Hard disc: Western Digital, serial number WXN109LP4564 |
| 39 | Computer: Ordi, serial number 229624 |
| 40 | Computer: Ordi, serial number 147876 |

## ATTACHMENT A

| Item # | Description |
|---|---|
| 41 | Computer: Ordi, serial number 313164 |
| 42 | Mobile phone: iPhone 4, model A1332, EMT Mobile ID-card No 8937720110060411502F |
| 43 | Server labeled 2.1, "Blazeman" |
| 44 | Server labeled 2.2, "storage.intra" |
| 45 | Server labeled 2.3, "joe" |
| 46 | Server labeled 2.4 |
| 47 | Server labeled 2.5 |
| 48 | Server labeled 2.6, "generilka" |
| 49 | Server labeled 2.7, "CUBASE" |
| 50 | Server labeled 2.8 |
| 51 | Server labeled 2.9, "ZVONILKO" |
| 52 | Server labeled 2.10, "nt-video" |
| 53 | Server labeled 2.11, "CRAP-PC" |
| 54 | Server labeled 2.12, "metatester" |
| 55 | Server labeled 2.13, "metatester" |
| 56 | Server labeled 2.14, "metatester" |
| 57 | Server labeled 2.15, "metatester" |
| 58 | Switch: Dell PowerConnect 5424, serial number (01)07898349893055 |
| 59 | Hard disc: Seagate ST3200822AS, serial number 4LJ1HVKJ |
| 60 | Hard disc: Seagate, serial number 5JT5258W |
| 61 | Hard disc: IBM Ultrastar, pn 07N3260, serial number TFFAK123 |
| 62 | Hard disc: Western Digital, serial number WCANK2959638 |
| 63 | Hard disc: Seagate, serial number 5JT1JGZR |
| 64 | Hard disc: Seagate, serial number 5JS58RQ7 |
| 65 | Hard disc: Seagate, serial number 5JT3YRZ4 |
| 66 | Computer: Ordi Heavy, serial number 257384 |
| 67 | Laptop: Dell Latitude Z600, serial number JGHGRH1 |
| 68 | Laptop: Dell Adamo, pn 27LVCN1, serial number 4813562557 |
| 69 | Laptop: Apple MacBook Air A1369, serial number C02DM39TDDR3 |
| 70 | Laptop: Asus EeePC, serial number 950AAS253661 |
| 71 | Computer: Ordi Heavy, serial number 216656 |
| 72 | Hard disc: Seagate ST3500418AS, serial number 9VMEK370, 500G |
| 73 | Hard disc: Seagate ST3500418AS, serial number 9VMENMG7, 500G |
| 74 | Hard disc: Western Digital WD20EARS, serial number WCAVY2522901, 2TB |
| 75 | Server: Hewlett Packard, serial number C2J93701HP |

## ATTACHMENT A

| Item # | Description |
|---|---|
| 76 | Server: Hewlett Packard, serial number C2J93701KB |
| 77 | Network device: CISCO, serial number PSJ15180E0M |
| 78 | Server: Hewlett Packard, serial number C2J1120H3S |
| 79 | Network device: D-Link, serial number DR1J142000797 |
| 80 | Server labeled 1U, "biwwy" |
| 81 | Server labeled 1U, "Infra-6" |
| 82 | Server labeled 2U, serial number H2202SX010-PEZ-0002 |