## UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF NEW YORK

VLADIMIR TSASTSIN,        )
      Defendant/Petitoner,  )
                       )
          v.            )         Crim. No. 11 CR 878 (LAK)
                       )
UNITED STATES,        )
      Respondent.      )

## PETITION TO EXPEDITE PETITIONER'S MOTION PURSUANT TO RULE 36 OF THE
## FEDERAL RULES OF CRIMINAL PROCEDURE

AND NOW, comes petitioner Vladimir Tsastsin, submits this pro se petition as an Emergency Petition pursuant to Rule 36 of the Federal Rules of Criminal Procedure ("Rule 36") to correct a clerical error in the way that BOP is calculating petitioner's sentence.  Petitioner's period of incarceration has expired as of February 28, 2018 and the decision of this Honorable Court will affect petitioner's immediate release. The circumstances of this case are very extraordinary and petitioner's constitutional rights (5th and 8th Amendment) will be violated if petitioner has to be incarcerated for any extra time that exceeds the sentence given by this Court. All of these extraordinary circumstances occurred without petitioner's involvement and/or knowledge.

Defendant was convicted on April 26, 2016 in the United States for click fraud related charges (wire fraud and computer intrusion). Before that, defendant had been "convicted in Estonia of laundering of proceeds from click fraud scheme" (Government Sentencing Memorandum). During defendant's United States sentence the Court put aside his Estonian conviction and gave defendant sentence based on the U.S. charges. Defendant received 87 months for his U.S. conviction. The Court relied on the BOP to calculate and credit his foreign jail credit (Sentencing

1

Minutes of defendant's co-defendants: Timur Gerassimenko, Dmitri Jegorov and Konstantin Poltev. July 23, 2015, page 40-41), the Government had the same position (Government Sentencing Memorandum: "Moreover, in cases involving foreign presentence time, the BOP's standard procedure is to verify the relevant sentencing facts with its foreign counterpart via U.S. Embassy"). Defendant was transferred to MVCC (Moshannon Valley Correctional Center, Philipsburg, PA) on May 20, 2016 and BOP gave defendant full jail credit (from the day of defendant's arrest November 08, 2011 till the day of defendant's sentence April 25, 2016 – 53 months 18 days) on August 16, 2016 (Appendix G: Time Computation Sheet dated August 16, 2016). And then BOP certified it on August 31, 2016 (Appendix H: Time Computation Sheet date August 31, 2016).

However, more than a year later, on December 14, 2017, just two months before defendant's release date, the BOP rolled back defendant's foreign jail credit. (Appendix I: Time Computation Sheet dated December 14, 2017). After defendant was sentenced, inter alia, defendant's Time Computation Sheet has already been changed three times by the BOP (each time with a new release date, see Appendix I page 2, Remarks). The BOP removed defendant's foreign jail credit without any new facts, but in its reply, BOP said that it "[j]ust received new information" (Appendix A) and in the Request for Administrative Remedy Step 2 (Appendix F) BOP explained that "The Designation and Computation Center informed [them] on August 15, 2017, that [defendant was] acquitted on the Estonian Charges." But on the day of defendant's sentencing, April 26, 2016, the Court and the Government knew that defendant's conviction in Estonia was affirmed by the Estonian Supreme Court (see Government Sentencing Memorandum, PSR and defendant's Sentencing Minutes, pages 10-11). And that's the reason why nothing related to defendant's Estonian conviction can affect the BOP's computation. Defendant's Estonian conviction became final on June 22, 2015 and nothing has changed since. The BOP did re-computation without any new facts, refered to acquittal in 2017, which is a fake fact and is trying to drag the process by failing to reply or probably even loosing/misplacing defendant's requests (see below). Till now, defendant's foreign jail credit doesn't correlate even with the Sentencing Minutes (Defendant's Sentencing Minutes. April 26, 2016). For example, as of this current moment the BOP gave defendant credit for 10 months and 8 days (from December 23, 2013 till October 30, 2014), but the Sentencing Minutes (Defendant's Sentencing Minutes, April 26, 2016, page 13; also Government Sentencing Memorandum) state that the time which will

2

not be credited against Estonian sentence is "[...] approximately 19 months; 19 months and two days [...]."

Defendant didn't submit any motions or appeals because defendant was sure that he would be released on February 28, 2018. Defendant received foreign jail credit and couldn't even imagine that it could be taken back. Defendant knew that he was suppose to get it but defendant didn't know whether it should have been credited by the BOP or some other way. And now, even defendant's release date has already passed. Defendant needs to submit this emergency motion for foreign jail credit because of the consequences of BOP's behavior or BOP's manner of calculating defendat's foreign jail credit. Defendant was misled or deceived by the BOP for the past 1.5 years because defendant was sure to get full credit. Defendant prays that this Honorable Court will correct a clerical error in the computation of his sentence, so that it is clear to BOP what credit for foreign jail incarceration defendant should get. Defendant has already served all of his sentence with respect to the U.S. law. Defendant asks this Honorable Court to review the BOP's computation of his sentence and adjust according to the foreign jail credit which BOP is not taking into account. Defendant respectfully asks this Honorable Court to:

1. Correct a clerical error in the computation of his sentence.

2. Release petitioner immediately because he has already served his sentence.


**Background**

Defendant was prosecuted for money laundering in Estonia on June 26, 2014. Defendant's conviction was affirmed by the Estonian Supreme Court on June 23, 2015, for Estonian money laundering a predicated (underlying) offense was required. In case at hand, it was computer fraud and computer intrusion charges. Estonian prosecutor integrated the U.S. indictment into the Estonian indictment and tried to prove predicated offense, which was necessary for money laundering. Estonian Court checked all the elements of the computer crime. But, even if we put aside or ignore everything that the Estonian Court found in relation to the computer crimes, as a conviction in Estonia was only for the money laundering charges, the Estonian case is still relevant conduct to the U.S. case.

One thing is clear from the U.S.S.G.: "Relevant conduct" is defined to include acts "that occurred

during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G § 1B1.3(a)(1)(A). Money laundering is an action in preparation for the offense, in the course of attempting to avoid detection and responsibility (conceal the real owner or/and the source of the money), therefore, the Estonian case is relevant to the U.S. case (same enterprise, same period of time, same individuals, etc.). It was an undisputed fact during the Court sentencing hearings in the United States, because it stems from the above mentioned definition from the law. During the sentencing defendant's attorney said (Defendant's Sentencing Minutes, April 26, 2016, page 10): "[...] the charges that were brought in Estonian versus the charges that were brought here [United States], no double jeopardy attaches, but it is still arising out of the same incidents". The prosecutor asked the Court to consider the Estonian conduct during defendant's co-defendants' sentencing on July 23, 2015 (Sentencing Minutes of defendant's co-defendants: Timur Gerassimenko, Dmitri Jegorov and Konstantin Poltev, July 23, 2015, page 40): "[...] if a defendant is prosecuted in federal court and in state court for related crimes [...]") and also "the defendant was also convicted in Estonia for laundering the proceeds of the click fraud scheme underlying the charges in this District" (Government Sentencing Memorandum).

In any case, money laundering has been incorporated into enhancements section of the U.S.S.G., which means that Congress considers it to be an integral part of the criminal conduct, hence, it is always relevant.

Also, an undisputed fact is that the Estonian sentence is undischarged, because Government Sentencing Memorandum states: "The undischarged portion of Tsastsin's Estonian sentence is 76 months and 6 days"; and during defendant's sentencing defendant's attorney said (Defendat's Sentencing Minutes, April 26, 2016, page 10): " [...] having to do the time here and then having to go to Estonia and doing the time there."

### A. Motion to correct clerical error pursuant to Rule 36

Rule 36 permits the district court to correct at any time "clerical mistakes in judgments ... arising from oversight or omission." In a similar case, **United States v. Madrid,** (2nd Cir. 2016) 193 F. Supp. 3d 234; 2016 US Dist LEXIS 862652016 U.S. Dist. LEXIS 86265, a question about foreign jail credit related to USSG §5G1.3(b) was resolved by Rule 36, because "[petitioner] has not

requested any substantive change in his sentence. [...] The error that [petitioner] seeks to address would not change the length of the sentence pronounced by the Court." Furthermore, the First Circuit Appeals Court stated in another similar case concerning credit under U.S.S.G. § 5G1.3 that "[...] Under these circumstances, we see no reason why Rule 36 should not be available as a remedy." See **United States v. Crecelius**, 751 F. Supp. 1035, 1037 (D.R.I. 1990), aff'd, 946 F.2d 880 (1st Cir. 1991); and also, "Proper remedy for defendant, who claimed that he had served 37 months on undischarged sentence but was only given credit for 30 months by court under § 5G1.3(c), was for defendant to file Rule 36 motion [...]," **United States v Claudio**, (1995, CA1 Puerto Rico) 44 F.3d 10.

Furthermore, in defendant's current position, he doesn't have any other option to submit any other type of motion, because BOP misled and/or deceived him. That makes this motion pursuant to Rule 36 very extraordinary.


### B. Exhaustion of Administrative Remedy

Defendant first attempted to resolve this issue by filing an Inmate Request to Staff on December 18, 2017, (Appendix D) which was denied on December 28, 2017. Following this denial, defendant filed a further Request for Administrative Remedy Step 1 ("Appendix E") on January 02, 2018, which was denied by letter on January 03, 2018. Defendant filed a further Request for Administrative Remedy Step 2 (Appendix F) on January 03, 2018, which was denied by letter on January 18, 2018 (Defendant received it on January 25, 2018). Following this reply, defendant gave all documents to appeal decision to the BOP (filed BP-229 form with all attachments; see Appendix C) to defendant's case manager to send them to BOP on January 26, 2018. Defendant's case manager (Ms. Harmic) weighed it and sent it through the mail room on January 26, 2018. Defendant also filled out the application to deduct the mailing fee from his jail account. Deduction for the mail out is always billed to the account on the next business day, that's why it appears on his statement on January 29, 2018 (Appendix B). Defendant has been waiting for the reply from the BOP for 31 days, and still hasn't received any response. Defendant asked his case manager on February 26, 2018 to find out the status of his appeal to the BOP, she contacted them by e-mail, but unfortunately BOP replied that they could not find his letter in the incoming mail registration log. Defendant sent out all of the documents to the BOP once again on February 28, 2018, but because his release date has already passed,

defendant asks this Honorable Court to intervene.

"Generally, petitioners challenging BOP actions are required to exhaust all possible administrative remedies prior to filing motions or habeas petitions with the court." See, e.g., **Tisdale v. Menifee**, 166 F. Supp. 2d 789 (S.D.N.Y. 2001). "In **Rahman v. Wingate**, this Court dismissed a habeas petition on the grounds that the defendant had not exhausted administrative remedies and that he could re-file his petition if he provided documentation that all other avenues were pursued." 740 F. Supp. 2d 430, 432 (S.D.N.Y. 2010).

However, in case at hand, there are "specific facts and documents showing why exhaustion would be futile." 740 F. Supp. 2d 430, 432 (S.D.N.Y. 2010). It is apparent from BOP's replies (for example Appendix F) that administrative remedies have been and would likely continue to be futile because 18 USC §3585 (PS 5880.28) explicitly allows the BOP to only give credit "[...] that has not been credited against another sentence [...]".


### C. Motion Facts.

Defendant is not disputing any facts or circumstances which the Court found during his sentencing. The calculation error that defendant seeks to be corrected would not change the length of his sentence, which is 87 months. Defendant is asking this Court to make it clear to BOP what is the amount of credit that defendant should get based upon USSG §5G1.3 and 18 U.S.C. §3585.


"USSG § 5G1.3 and USSG § 1B1.3 interact to protect criminal defendant from duplicative prosecutions; <u>double jeopardy</u> clause does not prevent different sovereigns (i.e., state government and federal government) from punishing defendant for same criminal conduct, but USSG §§ 5G1.3 and 1B1.3 do." **United States v Bidwell**, (2004, CA11 Ga) 393 F.3d 1206, 18 FLW Fed C 109. Exactly what was said in defendant's case by his attorney, "[...] the charges that were brought in Estonian versus the charges were brought here no double <u>jeopardy attaches</u>, but it is still arising out of the <u>same incidents [...].</u>" (Defendant's Sentencing Minutes, April 26, 2016; page 10).

"USSG § 5G1.3 contemplates possibility of separate prosecutions involving same or overlapping relevant conduct; given that there are reasons why related crimes committed by same defendant are not prosecuted in same proceeding, § 5G1.3 attempts to achieve some

coordination of sentences imposed in such situations with eye toward having such punishments approximate the total penalty that would have been imposed had sentences for different offenses been imposed at same time." **Witte v United States,** (1995) 515 US 389, 132 L Ed 2d 351, 115 S Ct 2199, 95 CDOS 4523, 95 Daily Journal DAR 7739

In defendant's imprisonment there are 3 distinct periods:

Period 1: Defendant was arrested in the joint operation of the FBI and Estonian authorities on November 08, 2011 in Estonia and detained on "Estonian charges" (which stem from the same case and fall by the definition of the USSG §1B1.3 (a)(1), (a)(2), or (a)(3) (Relevant Conduct)), where defendant was first acquitted by the District Court, but then sentenced by the Appeals Court. (This period is about 25 months, 14 days).

Period 2: On December 21, 2013 defendant was held under American extradition. (This period is about 10 months, 8 days).

Period 3: On Oct 30, 2014 defendant was extradited to the United States and on April 26, 2016 sentenced to a term of 87 months.

There was a lengthy discussion (almost half of defendant's sentence hearing) with the Government about the foreign jail credit (or sentence adjustment):

a) credit for harsh jail condition in Estonia;

b) jail credit under USSG §5G1.3;

c) jail credit under Title 18 U.S.C. §3585.

It started on the day of sentencing of defendant's co-defenders (Sentencing Minutes of defendant's co-defendants: Timur Gerassimenko, Dmitri Jegorov and Konstantin Poltev, July 23, 2015, at 35-44, 22-29) and continued on the day of defrendant's sentencing which are separate in time (April 26, 2016), but continuous in terms of logic and equity (for example, the Court said during defendant's sentencing about giving him credit for harsh jail condition (Defendant's Sentencing Minutes, April 26, 2016, page 19): "I've done that in other instances in this case, I've done it here as well, if perhaps not on precisely the same basis, certainly reasonable close to it"; and the prosecutor said during defendant's sentencing (Defendant's Sentencing Minutes, April

7

26, 2016, page 13): "I think as a matter of equity it [credit] should be only apply to period of time that he was held in Estonia based on the U.S. Sentence." This discussion is a reliable source, because the Court and prosecutor considered the credit application logic equivalent in respect to all co-defendants, who were sentenced in Estonia and later extradited and sentenced in the U.S. There was no reason to treat us differently.

In this case, the Court determined the appropriate sentence according to the guideline range and the law, without regards to the sentences imposed by Estonia (Sentencing Minutes of defendant's co-defendants: Timur Gerassimenko, Dmitri Jegorov and Konstantin Poltev, July 23, 2015, page 45: "the sentences that I impose are the sentences that I think appropriate with respect to the offenses of conviction in this case for violation of U.S. law without regards to the sentences imposed by Estonia for the offense or offenses of conviction in the Estonian case." Judge Kaplan  sentenced defendant by the same logic, and also the prosecutor's position in defendant's Government Sentencing Memorandum: "the Government requests that the Court follow approach taken when sentencing co-defendants Timur Gerassimenko, Konstantin Poltev and Dmitri Jegorov, which was to impose a sentence for the crimes of conviction here, without regard to what has happened or may happen in Estonia" and  "[a]s discussed above, the Government believes that the Court should impose sentence without regards to the Estonian case."

The Court considered jail credit that is not creditable by the BOP in the United States (Period 1) and even the prosecutor was asking for it (Sentencing Minutes of defendant's co-defendants: Timur Gerassimenko, Dmitri Jegorov and Konstantin Poltev, July 23, 2015, page 36-37): "[...] The Court: So you are asking me to state whether I am going to deduct the time spent in Estonia that is not creditable in the United States. Ms. Lai: Yes. The Court: Okay. [...]", but never mentioned it in the Judgment.

And also (Government Sentencing Memorandum), the prosecutor: "To assist the Bureau of Prisons ("BOP") with sentence calculation, the Government respectfully requests that the Court indicate whether, in imposing sentence, the Court has, or has not, reduces the term of imprisonment to account for Tsatsin's Estonian sentence. For example, if the Court determines that a sentence at the bottom of the Guidelines range would be appropriate for the defendant's

offense conduct, and deducts from that Guidelines sentence that defendant's Estonian sentence, it would *assist the BOP* to have that notes on the record" and in (Sentencing Minutes of defendant's co-defendants: Timur Gerassimenko, Dmitri Jegorov and Konstantin Poltev, July 23, 2015, page 41-42), the prosecutor: "[...] I think the Court should impose a sentence that you think should be applied to the specific offenses of conviction in this case, state whether or not the Court recommends that it run concurrently or consecutively to the Estonian sentence. Again *that will assist BOP*. [...] It's complicated with the two sets of prosecutions, but what they're saying, what BOP said is if it's not clear to BOP whether the Court has already taken into consideration the foreign sentence [...]" and the Court replied: "[...] Well, of course I've considered it." This is exactly the language of USSG §5G1.3(b).

It is clear from the oral sentencing that Judge Kaplan was going to give credit, pursuant to a *mandatory* provision of the U.S.S.G. §5G1.3(b). It could only have been an oversight. See Amendment 787, Effective Date: November 1, 2014. The amendment amends U.S.S.G. §5G1.3 (b) to *require* a court to adjust the sentence and impose concurrent sentences in any case in which the prior offense is relevant conduct under the provisions of §1B1.3(a)(1), (a)(2), or (a)(3), regardless of whether the conduct from the prior offense formed the basis for a Chapter Two or Chapter Three increase. The Commission determined that this amendment will simplify the operation of USSG §5G1.3(b) and will also address concerns that the requirement that the relevant conduct increase the offense level under Chapters Two or Three is somewhat arbitrary. **USSG §5G1.3(b) (Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment)** states that: "[...] the sentence [..] shall be imposed as follows:

(1)     the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2)     the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment. "

More specifically the commentary #2(c) (Imposition Of Sentence) for the same paragraph states: "[..] If subsection (b) applies, and the court adjusts the sentence for a period of time already served, the court should note on the Judgment in a Criminal Case Order (i) the

applicable subsection (e.g., §5G1.3(b)); (ii) the amount of time by which the sentence is being adjusted; (iii) the undischarged term of imprisonment for which the adjustment is being given; and (iv) that the sentence imposed is a sentence reduction pursuant to §5G1.3(b) for a period of imprisonment that will not be credited by the Bureau of Prisons." For example, in **United States v. Madrid,** (2nd Cir. 2016 193 F. Supp. 3d 234; 2016 US Dist LEXIS 862652016 U.S. Dist. LEXIS 86265); §5G1.3(b) was applied in motion pursuant to Rule 36. That case is similar to this one in regards to the three distinct periods of incarceration: 1) Mexican detention on Mexican charges and later convicted; 2) Mexican detention on the US extradition charges; 3) US detention on US charges in the relevant conduct (which was money laundering like in case at hand). Also, in another case considering extradition and two separate prosecutions (US and Canada) for the relevant conduct "the Court found that the Middle District of Florida intended to sentence Petitioner to a total of 235 months for his federal offenses in accordance with the United States Sentencing Guidelines ("U.S.S.G."); however, it also wanted to credit Petitioner for the 145 month period he was incarcerated pursuant to his Canadian sentence, which only left 90 months to be served in Bureau of Prisons ("BOP") custody." **Michael Divito v. Walter Wells,** 2011 U.S. Dist. LEXIS 135853.

In another case considering U.S.S.G. §5G1.3(b), "[...] the court applied a 30-month credit for time served, pursuant to U.S.S.G. § 5G1.3(b); [Section 5G1.3(b) requires a sentencing adjustment where a defendant will not otherwise be credited by the Bureau of Prisons for time already spent in custody for an undischarged term of imprisonment resulting from relevant conduct.] [...] Accordingly, {155 F. Supp. 3d 213} Defendant was sentenced to a term of 42 months of imprisonment to run concurrently to the undischarged state sentence, along with the 30-month credit-for a total of 72 months of imprisonment (in state and federal prison) [...]" **United States v. Jose Abreu,** (2nd Dist. 2015) 155 F Supp 3d 211155 F. Supp. 3d 211; 2015 US Dist LEXIS 1702242015 U.S. Dist. LEXIS 170224

Since defendant's arrest on November 08, 2011 till this day, defendant has already served approximately 76 months on which defendant earned about 11 months of good conduct time (76 months+11 months=87 months), which makes defendant's term of imprisonment complete on February 28, 2018. However, as mentioned above, the BOP can't take into account defendant's time served during Period 1 and hence it set his projected release date to April 13,

2020, which makes the total confinement about 116 months (101 months + good time for the same period), which is in direct contradiction with the sentence for U.S. conviction and the final judgment.

With this petition, defendant does not ask the Court to alter the duration of his sentence or contend any findings or facts from the original hearing. Defendant only seek to clarify the **intent of the court** to sentence defendant to 87 months. Defendant asks  this Court to correct the Judgment according to the commentary #2(c) (Imposition Of Sentence) of the U.S.S.G. §5G1.3, namely clarify in the judgment:

1) that the section §5G1.3(b) of the USSG is applicable;

2) that the sentence is 87 months and runs concurrently with his Estonian sentence;

3) however, since the BOP can't give credit for Period 1 (the time served in Estonia for the relevant conduct; November 08, 2011 – December 21, 2013) this time (25 months and 14 days) will be credited towards defendant's sentence and adjusted in computation of defendant's sentence accordingly. As a result, defendant would have been transferred to the custody of the Bureau of Prisons for the remaining 61 months and 16 days (which ended February 28, 2018; see Appendix G, page 2; Statutory Release Date Projected).

4) and that the Court will not adjust computation of defendant's sentence for Period 2 based on any time incarcerated in Estonia from December 21, 2013 to October 30, 2014 while defendant was awaiting extradition to the United States since the BOP should apply credit for this Period under 18 U.S.C. §3585.

5) Order the BOP to release defendant immediately because defendant has already served his sentence. (BOP's computation can take another several months).

Respectfully submitted,

Date: 02/28/2018

Vladimir Tsastsin

BOP # 91040-054

555 Geo Drive,

11

Philipsburg, PA, 16866

Appendix A: Email from the BOP to Moshannon Valley Correctional Center, December 13, 2017.

Appendix B: Defendant's jail account summary statement.

Appendix C: BP-229, Request to the BOP.

Appendix D: Inmate Request to Staff, December 18, 2017 with reply.

Appendix E: Request for Administrative Remedy, Step 1, January 2, 2018 with reply.

Appendix F: Request for Administrative Remedy, Step 2, January 3, 2018 with reply.

Appendix G: Time Computation Sheet dated August 16, 2016.

Appendix H: Certified Time Computation Sheet dated August 31, 2016.

Appendix I: Time Computation Sheet dated December 14, 2017.

APPENDIX A

GRA-DSC/Team Delta~ ~ Re: 91040-054 Tsastsin, Vladimir

From:       ▬▬▬▬▬▬▬
To:         ▬▬▬▬▬▬▬
Date:       12/13/2017 1:28 PM
Subject:    Re: 91040-054 Tsastsin, Vladimir
CC:         Frankland Clarke;  GRA-DSC/Team Delta~
Attachments: Attach C.pdf

Good afternoon,

FYI,
Just received new information in reference to inmate Tsastsin serving a sentence in Estonia.  Please be advise  inmate Tsastsin served a sentence in Estonia from 08-11-2011 through 12-20-2013.

Therefore, his sentence computation has been updated to reflect partial removal of foreign jail credit starting from 11-07-2011 through 12-20-2013.   However, the Bureau will apply prior custody credit starting from 12-21-2013 through 04-25-2016, since this time frame was not applied towards any other sentence.

Please see attached updated Attachment C form.  The DSCC has updated computation accordingly.  If you have further questions please contact Delta Team.

Kneyse





Designation & Sentence Computation Center
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051
▬▬▬▬▬▬▬
(972) 595-3030- Office
(972) 595-3154- Fax

"Life is not measured by the number of breaths we take, but by the moments that take our breath away"

APPENDIX B

MOSHANNON VALLEY

=====================================================

Resident Account Summary
Tuesday, February 27, 2018   08:11

=====================================================

For CIN: 91040054   TSASTSIN, VLADIMIR

| Date | Transaction | Description | Amount | Balance | Owed | Held | Reference |
|------|-------------|-------------|--------|---------|------|------|-----------|
| 02/26/2018 | EPR | OID:100985032-ComisaryPur | -63.36 | 246.33 | 0.00 | 0.00 | 02/26/2018 |
| 02/22/2018 | PHONE PURCH | PHONE CALL CHARGE | -30.00 | 309.69 | 0.00 | 0.00 | 02/22/2018 |
| 02/21/2018 | ERF | OID:100982388-ComisaryRef | 6.15 | 339.69 | 0.00 | 0.00 | 02/21/2018 |
| 02/20/2018 | EPR | OID:100983023-ComisaryPur | -1.10 | 333.54 | 0.00 | 0.00 | 02/20/2018 |
| 02/20/2018 | CYBERSUITE | 21558629 Chashchina Valen | 300.00 | 334.64 | 0.00 | 0.00 | 02/20/2018 |
| 02/19/2018 | EPR | OID:100982388-ComisaryPur | -69.88 | 34.64 | 0.00 | 0.00 | 02/19/2018 |
| 02/17/2018 | EPR | OID:100981691-ComisaryPur | -1.90 | 104.52 | 0.00 | 0.00 | 02/17/2018 |
| 02/16/2018 | EPR | OID:100981403-ComisaryPur | -1.43 | 106.42 | 0.00 | 0.00 | 02/16/2018 |
| 02/12/2018 | EPR | OID:100979542-ComisaryPur | -65.91 | 107.85 | 0.00 | 0.00 | 02/12/2018 |
| 02/06/2018 | EPR | OID:100977438-ComisaryPur | -1.70 | 173.76 | 0.00 | 0.00 | 02/06/2018 |
| 02/05/2018 | INMATE PAYR | education worker | 4.80 | 175.46 | 0.00 | 0.00 | 02/05/2018 |
| 02/05/2018 | EPR | OID:100976670-ComisaryPur | -61.70 | 170.66 | 0.00 | 0.00 | 02/05/2018 |
| 02/03/2018 | EPR | OID:100976078-ComisaryPur | -5.00 | 232.36 | 0.00 | 0.00 | 02/03/2018 |
| 02/02/2018 | SNEAKERS PU | REEBOK RUNNING 11176154 | -36.00 | 237.36 | 0.00 | 0.00 | 02/02/2018 |
| 01/30/2018 | EPR | OID:100974833-ComisaryPur | -7.45 | 273.36 | 0.00 | 0.00 | 01/30/2018 |
| 01/30/2018 | <MAIL CHARG | 23 COPIES | -2.30 | 280.81 | 0.00 | 0.00 | 01/30/2018 |
| 01/30/2018 | MAIL CHARGE | 23 COPIES | 2.30 | 283.11 | 2.30 | 0.00 | 01/30/2018 |
| 01/29/2018 | EPR | OID:100974201-ComisaryPur | -57.55 | 283.11 | 0.00 | 0.00 | 01/29/2018 |
| 01/29/2018 | <MAIL CHARG | POSTAGE | -2.89 | 340.66 | 0.00 | 0.00 | 01/29/2018 |
| 01/29/2018 | MAIL CHARGE | POSTAGE | 2.89 | 343.55 | 2.89 | 0.00 | 01/29/2018 |
| 01/29/2018 | <COPY CHRG> | 12 COPIES | -1.20 | 343.55 | 0.00 | 0.00 | 01/29/2018 |
| 01/29/2018 | COPY CHRG | 12 COPIES | 1.20 | 344.75 | 1.20 | 0.00 | 01/29/2018 |
| 01/29/2018 | COPY CHRG | VOID-LIBRARY 36 COPIES | -3.60 | 344.75 | 0.00 | 0.00 | 01/29/2018 |
| 01/29/2018 | <COPY CHRG> | VOID-LIBRARY 36 COPIES | 3.60 | 344.75 | 3.60 | 0.00 | 01/29/2018 |
| 01/25/2018 | <COPY CHRG> | LIBRARY 36 COPIES | -3.60 | 341.15 | 0.00 | 0.00 | 01/25/2018 |
| 01/25/2018 | COPY CHRG | LIBRARY 36 COPIES | 3.60 | 344.75 | 3.60 | 0.00 | 01/25/2018 |
| 01/23/2018 | EPR | OID:100972373-ComisaryPur | -2.20 | 344.75 | 0.00 | 0.00 | 01/23/2018 |
| 01/23/2018 | PHONE PURCH | PHONE CALL CHARGE | -20.00 | 346.95 | 0.00 | 0.00 | 01/23/2018 |
| 01/22/2018 | CYBERSUITE | 27423028 Chashchina Valen | 300.00 | 366.95 | 0.00 | 0.00 | 01/22/2018 |
| 01/22/2018 | EPR | OID:100971748-ComisaryPur | -67.85 | 66.95 | 0.00 | 0.00 | 01/22/2018 |
| 01/20/2018 | EPR | OID:100971010-ComisaryPur | -4.90 | 134.80 | 0.00 | 0.00 | 01/20/2018 |
| 01/18/2018 | ERF | OID:100969258-ComisaryRef | 12.50 | 139.70 | 0.00 | 0.00 | 01/18/2018 |
| 01/17/2018 | EPR | OID:100969857-ComisaryPur | -4.00 | 127.20 | 0.00 | 0.00 | 01/17/2018 |
| 01/16/2018 | EPR | OID:100969258-ComisaryPur | -68.95 | 131.20 | 0.00 | 0.00 | 01/16/2018 |
| 01/16/2018 | <COPY CHRG> | 4 COPIES | -0.40 | 200.15 | 0.00 | 0.00 | 01/16/2018 |
| 01/16/2018 | COPY CHRG | 4 COPIES | 0.40 | 200.55 | 0.40 | 0.00 | 01/16/2018 |
| 01/11/2018 | <COPY CHRG> | LIBRARY COPY CHARGES | -0.40 | 200.55 | 0.00 | 0.00 | 01/11/2018 |
| 01/11/2018 | COPY CHRG | LIBRARY COPY CHARGES | 0.40 | 200.95 | 0.40 | 0.00 | 01/11/2018 |
| 01/10/2018 | INMATE PAYR | PROGRAMS DEC PAY | 6.00 | 200.95 | 0.00 | 0.00 | 01/10/2018 |
| 01/08/2018 | EPR | OID:100966732-ComisaryPur | -60.69 | 194.95 | 0.00 | 0.00 | 01/08/2018 |
| 01/06/2018 | EPR | OID:100965996-ComisaryPur | -8.50 | 255.64 | 0.00 | 0.00 | 01/06/2018 |
| 01/03/2018 | EPR | OID:100964748-ComisaryPur | -1.10 | 264.14 | 0.00 | 0.00 | 01/03/2018 |
| 01/02/2018 | EPR | OID:100964087-ComisaryPur | -49.06 | 265.24 | 0.00 | 0.00 | 01/02/2018 |
| 12/28/2017 | ERF | OID:100962461-ComisaryRef | 1.80 | 314.30 | 0.00 | 0.00 | 12/28/2017 |
| 12/27/2017 | EPR | OID:100963035-ComisaryPur | -5.50 | 312.50 | 0.00 | 0.00 | 12/27/2017 |
| 12/26/2017 | EPR | OID:100962461-ComisaryPur | -71.73 | 318.00 | 0.00 | 0.00 | 12/26/2017 |
| 12/25/2017 | CYBERSUITE | 28547373 Komarov Artjom | 50.00 | 389.73 | 0.00 | 0.00 | 12/25/2017 |
| 12/23/2017 | PHONE PURCH | PHONE CALL CHARGE | -25.00 | 339.73 | 0.00 | 0.00 | 12/23/2017 |
| 12/23/2017 | CYBERSUITE | 26656193 Chashchina Valen | 300.00 | 364.73 | 0.00 | 0.00 | 12/23/2017 |
| 12/19/2017 | EPR | OID:100961221-ComisaryPur | -3.30 | 64.73 | 0.00 | 0.00 | 12/19/2017 |
| 12/18/2017 | EPR | OID:100960470-ComisaryPur | -65.06 | 68.03 | 0.00 | 0.00 | 12/18/2017 |
| 12/13/2017 | ERF | OID:100957431-ComisaryRef | 4.86 | 133.09 | 0.00 | 0.00 | 12/13/2017 |
| 12/12/2017 | EPR | OID:100958108-ComisaryPur | -8.00 | 128.23 | 0.00 | 0.00 | 12/12/2017 |
| 12/11/2017 | EPR | OID:100957431-ComisaryPur | -74.53 | 136.23 | 0.00 | 0.00 | 12/11/2017 |
| 12/08/2017 | INMATE PAYR | NOVEMBER PAY ED/REC | 4.80 | 210.76 | 0.00 | 0.00 | 12/08/2017 |
| 12/06/2017 | ERF | OID:100955515-ComisaryRef | 8.26 | 205.96 | 0.00 | 0.00 | 12/06/2017 |
| 12/05/2017 | ERF | OID:100956239-ComisaryRef | 1.10 | 197.70 | 0.00 | 0.00 | 12/05/2017 |
| 12/05/2017 | EPR | OID:100956239-ComisaryPur | -3.80 | 196.60 | 0.00 | 0.00 | 12/05/2017 |
| 12/04/2017 | EPR | OID:100955515-ComisaryPur | -69.96 | 200.40 | 0.00 | 0.00 | 12/04/2017 |
| 12/02/2017 | EPR | OID:100954755-ComisaryPur | -5.10 | 270.36 | 0.00 | 0.00 | 12/02/2017 |
| 11/29/2017 | ERF | OID:100952610-ComisaryRef | 10.50 | 275.46 | 0.00 | 0.00 | 11/29/2017 |
| 11/29/2017 | PHONE PURCH | PHONE CALL CHARGE | -25.00 | 264.96 | 0.00 | 0.00 | 11/29/2017 |
| 11/28/2017 | EPR | OID:100953372-ComisaryPur | -1.43 | 289.96 | 0.00 | 0.00 | 11/28/2017 |

APPENDIX C

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Tsatsin Vladimir**   **91040-054**   **C4-314**   **MVCC**

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

Recently on December 14, 2017 my release date was changed. I made three requests in the facility that I am stationed at - Moshannon Valley Correctional Center (Inmate Request Form CN9601 with reply attachment #1; and Inmate Administrative Remedy Form CN9602 with replies see attachment #2 for Level 1 and attachment #3 for Level 2). Replies state that the BOP recalculated (took back my foreign jail credit, which the BOP issued to me before) because it has just received "[...] new information" (in regard to my sentence and time served in Estonia - copy of the BOP's email see attachment #4), which the BOP didn't know before.

01/25/2018
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____   _____
DATE                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT:_____

_____          _____
DATE                             SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

I was transferred to MVCC on May 20, 2016 and got my Computation Sheet on May 24, 2016 (attachment #5) which states my release date to be April 13, 2020, with deemed date December 21, 2013 (as the start of my foreign jail credit.) In June 2016 through MVCC I submitted documents to the BOP to get more credit for foreign jail time, because during my sentence prosecutor said that I will get more (see Sentencing Minutes). BOP checked submitted information and recalculated my jail credit on August 16, 2016 and changed my release date to February 28, 2018 (not April 13, 2020 as it was before.) On August 31, 2016 my Time Computation Sheet got status certified (attachment #6) So by August 16, 2016 the BOP checked all the facts and circumstances that were available at that time and confirmed my release date to be February 28, 2018. However on December 14, 2017 the BOP rolled back my foreign jail credit and my release date became again April 13, 2020, with deemed date December 21, 2013. Exactly the same date which was before I submitted documents to the BOP in June 2016 (see attachment #5 and #7.) I was arrested on November 8, 2011 and extradited to the USA on October 30, 2014, but in its calculations the BOP used my deemed date as December 21, 2013. There was a reason for the BOP to use this certain date, and not the date of my arrest or the date of extradition. And after I got my extra foreign jail credit (as mentions above) the BOP tried to present false statement that it didn't know some information about "deemed date December 21, 2013. On December 13, 2017 the BOP was refering in the letter (attachment #4) to some new information, but it is clear that the BOP was refering to the same facts that were already known on June 10, 2016 (attachment #8, GEO Memorandum), so they surely can't be new. It is clear that the BOP knew that already more than 1,5 years ago (otherwise in May 2016 during the first calculation what facts did they use to set the deemed date to December 21, 2013?) Also an important fact is that Estonian sentence that the BOP refers to in their answer was pronounced in June 22, 2015, and on December 14, 2017 the BOP can't argue that it is a new fact which they didn't know in August 2016. Facts about Estonian conviction were well known to the sentencing Court, prosecutor and probation officer. It was more than a year from Estonian sentence in June 2015 till recalculation of my jail credit in August 2016, and that's why it surely can't be a new fact in December 2017

Continued on page 3.

Because of all of the above I ask to:

1) Tell me what new information the BOP has acquired recently which the BOP couldn't take into account on August 2016.

2) Provide me with a copy of original document with that new information/fact/circumstances.

3) Tell me who submitted that new information to the BOP.

4) Give me back my extra foreign jail credit, which I had before because no new facts exists (and based on my sentence I should get more credit.)

* CN 9601 attachment #1 (Inmate Request Form)

* Inmate Administrative Remedy Form CN 9602 attachment #2 for Level 1/attachment #3 for Level 2.

* Email from BOP to MVCC December 13, 2017 attachment #4

* Time Computation Sheet, May 24, 2016 attachment #5

* Time Computation Sheet, August 31, 2016 attachment #6

* Time Computation Sheet, December 14, 2017 attachment #7

* GEO Memorandum, June 10, 2016 attachment #8

APPENDIX D

**INMATE REQUEST TO STAFF**
**MVCC INFORMAL RESOLUTION**
**(Request for Administrative Remedy)**

To: _JONES_                          Date Received: _12/18/17  MASON_
    (Unit Manager)                                  (Staff)

1.  Write in this space, briefly, your complaint.  Include all details and facts which
    support your request.
    _All details attached on separate page_
    _(2 sides) Main problem that BOP took_
    _back my earned jail time._

2.  What action do you wish to be taken to correct the situation?
    _To fix and credit me with jail time_
    _which I already did. And I will when I_
    _now if new employees fired and by whom_
    _was presented a bill._

                                                    (CY-31U)

_____      _91670-054_      _E-100_      _12/18/2017_
Inmate Name/Signature      Register #        Unit/Bed       Date
                           91670-054

3.  State, clearly, staff efforts to resolve the matter informally.  Be specific, but brief
    and provide to inmate.
    _YOUR UNIT MANAGER met with you on 12/28/17_
    _And spoke to you about the FSC and_
    _he emailed the records manager to get_
    _an answer. Please be patient as we_
    _await the answer on the next step to_
    _take. The Records Manager is requesting_
    _information regarding your charges in Estrada._
    _Were they vacated? This will help your disposition._

**The Informal Resolution WAS/WAS NOT (circle one) accomplished for the above
noted reason.**

_____   _12-28-2017_      _____   _12/28/17_
Inmate Signature          Date            Unit Manager Signature      Date

_YOUR charges in Estrada have changed. Therefore, your sentencing_
_has changed. Mrs. Berberger is requesting any information_
_you have regarding an acquittal of the charges be forwarded_
_to the Records Dept._

I was arrested 08 Nov 2011 by estonian police with FBI in Estonia. FBI requested assistance in criminal case on 06 Dec 2010. One conduct was devided into two parts, one in Estonia, one in US. In Estonia I was convicted conspiracy (was part of conspiracy and organized conspiracy) and for money laundering During estonian trial was eximinated all infotechnology changes from US indictment (fraud, intrusion... all elements of crime). I got 6 years with estonian conviction. Later in US I signed plea with conspiracy to do the same conduct and got 87 months. Totally I spent in jail:

1. 08 Nov 2011 - 21 Dec 2013 under Estonian custody
2. 21 Dec 2013 - 30 Oct 2014 under extradition custody in Estonia
3. 30 Oct 2014 - till now under US custody for the same conduct.

When I arrived to MVCC on 20 May 2016, I did request and attached documents to BOP to credit me with jail time, because during my sentence my prosecutor told that I spent in estonian custody in harsh condition almost 3 years. And harsh condition should be credited 1,5 days here for each day there. Also because it is the same conduct in Estonia and in US to credit me with all time that I did in Estonia. BOP checked and recounted my jail time on 16 Aug 2016, and my release date from that time was 28 Feb 2018 (by time sheet computation - have a copy). On 25 Aug 2016 my time computation sheet got status CERTIFIED. With all that BOP checked and confirmed that based on all facts till date 16 Aug 2016 my release date should be exactly 28 Feb 2018. BOP took into account and checked/reviewed all facts on 16 Aug 2016. There are no NEW FACTS/CIRCUMSTANCES after 16 Aug 2016 (I was sentenced last from all of my co-defendants) On 14 Dec 2017 BOP took back already certified and credited time and now my release date not 28 Feb 2018 but 13 Apr 2020. My case manager (Ms Harmic) told me that BOP emailed to her, but didn't tell what NEW circumstances and by whom were submitted. BOP just informed that jail time was recounted (credit removed) without any New fact/circumstances. I was sure from August 2016 that I will go home soon, and because of that I refused to make appeal (2255), fight for my treaty transfer and even asked my lawyer to stop working on Rule 35. Now for all that time gone. Deadlines already passed.

and now because of BOP's mess I don't have all these opportunities (already don't have right for them). I'm sure that my jail time counted wrong way. But hypothetical if I knew that I have so much jail time from the beginning I would start appeal and fight for my treaty transfer and even maybe already was in Estonia by treaty. In my current time computation sheet I don't have any credit for (1) harsh condition (prosecutor during sentence) credit 1.5 day for each day in Estonia) and (2) part of estonian time which I did for the same conduct in Estonia. Even before I signed plea, my lawyer got confirmation by email (have copy) from prosecutor that she is not against to credit me estonian time but want to be sure that US Court credit me double (both). In August 2016 BOP credited me, but now somebody gave some instructions to change my release date. This story became more intresting, because I was in MVCC for 20 months, but on the same day (14 Dec 2017) when BOP took credit back <u>also</u> FBI agents came to me for the first time, and wished to ask some questions. I don't believe such coincidence. To remove jail credit 2 months before my release is extortion for me and torture for my family. Because of all facts above I ask: (1) to credit me all previously credited time back. (2) to inform me who gave to BOP such instructions and what facts/circumstances were presented like new ones, which BOP can't take into account in August 2016.

APPENDIX E



**The GEO Group, Inc.**

Correctional Programs
Administrative Remedies

## MOSHANNON VALLEY CORRECTIONAL CENTER
### Step 1 Administrative Remedy Form
### Paso 1 Forma De Remedio Administrativo

| Name: Vladimir Tsastsin | BOP Number: 91040-054 |
| Nombre: | BOP Numero: |
| Date: 01-02-2018 | Housing Assignment: C4-311 |
| Fecha: | Unidad Asignada: |

### FOR OFFICIAL USE ONLY – PARA USO OFICIAL SOLAMENTE

| Date Received: | Remedy #: | Date Due: |
| --- | --- | --- |
| | | |

### Complaint – Reclamo

Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifying data to assist in a through investigation (e.g. dates, names, locations, times, etc…) Attach one (1) additional page if necessary and the Informal Resolution Form with any other supporting documentation.

Describe su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente informacion para asistir en una completa investigacion (pe.. Fechas, nombres, ubicaciones, tiempos, etc…) Agregue una pagina si es necesario.

I did Inmate Request to Staff on 12/18/2017 but
didn't receive reply to my questions. Please
1) review my Inmate Request to Staff and
a) inform who gave to BOP instructions to remove
already credited from jail time from me
2) provide me a copy of document with facts/
circumstances which were presented and now ones.
No facts, No laws were presented after and
provide me new one fact (document) which BOP
court took into account on August 8th, when they
credited me with jail time.
3) credit me all previously credited time back, because
no new facts/circumstances to remove it.

* Inmate Request to Staff copy attached.
                                 Thanks

_____                    01-02-2018
Inmate Signature                          Date



The GEO Group, Inc.

# Memo

*- Please re-submit on the attached Step 2 form. Custody Credit is a BOP issue. you will need a response from the warden (step 2) to continue your BOP appeal.*

Date: ___1_ / _3_ / _18_

To:   Inmate __Tsastsin___, __Vladimir__ BOP# _91040_ - _054_

From:   K. Sherwood *Sherwood*
        Grievance Coordinator

Re:   Grievance Rejection

---

## The attached grievance is being returned to you according to policy for the following reason(s):

1. _____ The Informal grievance request and response was not attached.

2. _____ Group grievances are prohibited.

3. _____ The grievance was not signed and/or dated with your inmate name and number.

4. _____ Grievances must be legible, understandable, and presented in a courteous manner.

5. _____ The grievance exceeded the two (2) page limit. Description needs to be brief.

6. _____ Grievances based upon different events shall be presented separately.

7. _____ The formal grievance was not submitted within twenty (20) days of the Informal response.

8. _____ Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility.

9. _____ The issue(s) presented on the attached grievance has been reviewed and addressed previously in grievance #_____, dated _____/_____/_____.

10. _____ The grievance does not indicate that you were personally affected by a department or facility action and/or policy.

11. _____ A copy of the UDC report was not submitted with the formal grievance.

12. _____ Two (2) duplicate grievances.

13. __X__ You need to restate the issue on the Formal Administrative Remedy Form.

14. _____ You have utilized the wrong form.

APPENDIX F



**The GEO Group, Inc.**

Correctional Programs
Administrative Remedies

## MOSHANNON VALLEY CORRECTIONAL CENTER
### Step 2 Administrative Remedy Form
### Paso 2 Forma De Remedio Administrativo

| Name: Nombre: TSASTSIN, Vladimir | BOP Number: 91040-054 |
| --- | --- |
| | BOP Numero: |
| Date: Fecha: 01-03-2018 | Housing Assignment: C4-314 |
| | Unidad Asignada: |

### FOR OFFICIAL USE ONLY – PARA USO OFICIAL SOLAMENTE

| Date Received: | Remedy #: | Date Due: |
| --- | --- | --- |
| | | |

### Complaint – Reclamo

Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifying data to assist in a through investigation (e.g. dates, names, locations, times, etc…) Attach one (1) additional page if necessary and the Informal Resolution Form and Step 1 response with any other supporting documentation.

Describe su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente informacion para asistir en una completa investigacion (pe.. Fechas, nombres, ubicaciones, tiempos, etc…) Agregue una pagina si es necesario.

I did Inmate Request to Stuff on 12/17/2017, and Admini-
strative Remedy Step 1 on 01-02-2018, but didn'd receive
reply to my questions. Please review my Inmate Request
to stuff and:
1) inform me who gave to BOP instructions to remove already
credited jail time from me.
2) provide me a copy of document with facts/circumstances
which were presented like new ones. Mr Jones, Mrs Harmic
and Record Office can'd provide me any new fact
(document), which BOP can'd take into account in
August 2016 when they credited me with jail time.
3) Credit me all previously credited time back, because
no new facts/circumstances to remove it.
Copy of Inmate Request to Stuff and Administrative Remedy
Step 1 attached.

Thanks.

Inmate Signature _____   01-03-2018
Date

# MEMORANDUM



**The GEO Group, Inc.**

Date: January 18, 2018

Moshannon Valley
Correctional Center
555 GEO Drive
Philipsburg, PA 16866

To:   Inmate Vladimir Tsastsin
Reg. No.: 91040-054

www.geogroup.com

From: S.M. Kuta, Warden

RE: Response to Step 2 Administrative Remedy
_____

This is in response to your Formal Administrative Remedy Form dated January 3, 2018, wherein you inquire about your sentence computation.

The Designation and Computation Center informed us on August 15, 2017, that you were acquitted on the Estonian charges, and you were authorized under Title 18 U.S.C. §3585 (b), credit for time detained in Estonia, from November 7, 2011, through December 20, 2013.  On December 13, 2017, the Designation and Computation Center informed us they received information in reference to a sentence you served in Estonia.  Therefore your sentence computation was updated accordingly.  You were informed of the reason for the update on January 17, 2018, as you requested.

The jail credit days that you are asking for (11-07-2011 to 12-20-2013) were awarded to you on your prior commitment in Estonia, therefore the jail credit cannot be applied to your current commitment.

Please review PS 5880.28, which states "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences that has not been credited against another sentence."

I trust this addresses your concerns.

APPENDIX G

```
                                        COMPUTATION DATA
PAGE 001                                 AS OF 08-16-2016


REGNO..: 91040-054 NAME: TSASTSIN, VLADIMIR


FBI NO...........: 16260PB8              DATE OF BIRTH: 06-15-1980  AGE:  36
ARS1.............: MVC/A-DES
UNIT.............: UNIT C                QUARTERS.....: C04-031U
DETAINERS........: YES                   NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 08-28-2017

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  02-28-2018 VIA GCT REL


----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION..........: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER..................: 1:(S2) 11-CR-878-01(
JUDGE..........................: KAPLAN
DATE SENTENCED/PROBATION IMPOSED: 04-26-2016
DATE COMMITTED.................: 05-20-2016
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $200.00        $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY: NO  SERVICES:  NO         AMOUNT:  $00.00

 REMARKS.......: 1:(S2) 11-CR-878-01(LAK)

----------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  158
OFF/CHG: 18:1349: CONSPIRACY TO COMMIT WIRE FRAUD.
        18:1030(A)(4): CONSPIRACY TO COMMIT COMPUTER INTRUSION.

 SENTENCE PROCEDURE............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  87 MONTHS
 TERM OF SUPERVISION...........:  1 YEARS
 DATE OF OFFENSE...............: 10-31-2011




G0002      MORE PAGES TO FOLLOW . . .
```

PAGE 002                          COMPUTATION DATA                        08:02:12
                                  AS OF 08-16-2016

REGNO..: 91040-054 NAME: TSASTSIN, VLADIMIR


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-16-2016 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 04-26-2016
TOTAL TERM IN EFFECT............:    87 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     7 YEARS        3 MONTHS
EARLIEST DATE OF OFFENSE........: 10-31-2011

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                    11-07-2011     04-25-2016

TOTAL PRIOR CREDIT TIME.........: 1632
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 341
TOTAL GCT EARNED................: 216
STATUTORY RELEASE DATE PROJECTED: 02-28-2018
EXPIRATION FULL TERM DATE.......: 02-04-2019
TIME SERVED.....................:     4 YEARS        9 MONTHS        9 DAYS
PERCENTAGE OF FULL TERM SERVED..:  65.9

PROJECTED SATISFACTION DATE.....: 02-28-2018
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 05-19-16: COMP ENTERED. JEE/D
                08-16-16: COMP UPDATED FOREIGN JAIL CREDIT ADDED. JEE/D


G0002        MORE PAGES TO FOLLOW . . .

PAGE 003 OF 003 *          SENTENCE MONITORING          08:03:12
                           COMPUTATION DATA          *
                           AS OF 08-16-2016

REGNO..: 91040-054 NAME: TSASTSIN, VLADIMIR


------------------------------ CURRENT DETAINERS: ------------------------------

DETAINER NO..: 001
DATE LODGED..: 10-30-2014
AGENCY.......: IMMIGRATION & NATURALIZATION
AUTHORITY....: NEW YORK, NY, POE
CHARGES......: POSSIBLE DEPORTATION; A# 206177714
               RELODGED  05-31-2016  ALLENWOOD, PA  SUB OFFICE


S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

```
                          SE      MO  TOP             U    L  L
PAGE 001 OF 001 *                 GOOD TIME DATA           *     08:03:41
                             AS OF  08-16-2016
```

```
REGNO...: 91040-054    NAME: TSASTSIN, VLADIMIR
ARS 1...: MVC A-DES                              PLRA
COMPUTATION NUMBER..: 010                   PRT    ACT DT:
LAST UPDATED:  DATE.: 08-16-2016     FACL..: DSC    CALC: AUTOMATIC
UNIT................: UNIT C          QUARTERS............: C04-031U
DATE COMP BEGINS....: 04-26-2016     COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 1632           TOTAL INOP TIME.....: 0
CURRENT REL DT......: 07-03-2018 TUE EXPIRES FULL TERM DT: 02-04-2019
PROJ SATISFACT DT...: 02-28-2018 WED PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                ACTUAL SATISF METHOD:
DAYS REMAINING......:                FINAL PUBLC LAW DAYS:
GED PART STATUS.....:                DEPORT ORDER DATED..:
```

```
----------------------------GOOD CONDUCT TIME AMOUNTS--------------------------
```

| START DATE | STOP DATE | MAX DIS | POSSIBLE TO FFT | ACTUAL TOTALS DIS | FFT | VESTED AMOUNT | VESTED DATE |
|---|---|---|---|---|---|---|---|
| 11-06-2011 | 11-05-2012 | 54 | 54 | | | | |
| 11-06-2012 | 11-05-2013 | 54 | 108 | | | | |
| 11-06-2013 | 11-05-2014 | 54 | 162 | | | | |
| 11-06-2014 | 11-05-2015 | 54 | 216 | | | | |
| 11-06-2015 | 11-05-2016 | 54 | | | | | |
| 11-06-2016 | 11-05-2017 | 54 | | | | | |
| 11-06-2017 | 02-28-2018 | 17 | | | | | |

```
       TOTAL EARNED AMOUNT.........................................:    216
       TOTAL EARNED AND PROJECTED AMOUNT...........................:    341
```

```
G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

APPENDIX H

```
PAGE 001                          COMPUTATION DATA                        09:57:59
                                   AS OF 08-31-2016


REGNO..: 91040-054 NAME: TSASTSIN, VLADIMIR


FBI NO...........: 16260PB8           DATE OF BIRTH: 06-15-1980  AGE:  36
ARS1.............: MVC/A-DES
UNIT.............: UNIT C             QUARTERS.....: C04-031U
DETAINERS........: YES                NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 08-28-2017

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  02-28-2018 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------

COURT OF JURISDICTION...........: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER...................: 1:(S2) 11-CR-878-01(
JUDGE...........................: KAPLAN
DATE SENTENCED/PROBATION IMPOSED: 04-26-2016
DATE COMMITTED..................: 05-20-2016
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00         $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

  REMARKS.......: 1:(S2) 11-CR-878-01(LAK)

----------------------CURRENT OBLIGATION NO: 010 ----------------------
OFFENSE CODE....:  158
OFF/CHG: 18:1349: CONSPIRACY TO COMMIT WIRE FRAUD.
         18:1030(A)(4): CONSPIRACY TO COMMIT COMPUTER INTRUSION.

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   87 MONTHS
  TERM OF SUPERVISION............:    1 YEARS
  DATE OF OFFENSE................: 10-31-2011




G0002       MORE PAGES TO FOLLOW . . .
```

```
HVCCP  840401 *           SENTENCE MONITORING              08 31 2016
PAGE 002         *          COMPUTATION DATA                09:57:34
                              AS OF 08-31-2016
```

REGNO..: 91040-054 NAME: TSATSIN, VLADIMIR


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-16-2016 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-25-2016 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010


DATE COMPUTATION BEGAN..........: 04-26-2016
TOTAL TERM IN EFFECT............: 87 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:  7 YEARS       3 MONTHS
EARLIEST DATE OF OFFENSE........: 10-31-2011

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    11-07-2011    04-25-2016


TOTAL PRIOR CREDIT TIME.........: 1632
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 341
TOTAL GCT EARNED................: 216
STATUTORY RELEASE DATE PROJECTED: 02-28-2018
EXPIRATION FULL TERM DATE.......: 02-04-2019
TIME SERVED.....................:    4 YEARS      9 MONTHS     24 DAYS
PERCENTAGE OF FULL TERM SERVED..: 66.4


PROJECTED SATISFACTION DATE.....: 02-28-2018
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 05-19-16: COMP ENTERED. JEE/D
                08-16-16: COMP UPDATED FOREIGN JAIL CREDIT ADDED. JEE/D


G0002       MORE PAGES TO FOLLOW . . .

```
                                SENTENCE MONITORING
PAGE 003 OF 003 *               COMPUTATION DATA                    09:57:34
                                 AS OF 08-31-2016


REGNO..: 91040-054 NAME: TSASTSIN, VLADIMIR


------------------------------ CURRENT DETAINERS: ------------------------------

DETAINER NO..: 001
DATE LODGED..: 10-30-2014
AGENCY.......: IMMIGRATION & NATURALIZATION
AUTHORITY....: NEW YORK, NY, POE
CHARGES......: POSSIBLE DEPORTATION; A# 206177714
               RELODGED  05-31-2016  ALLENWOOD, PA  SUB OFFICE
```

```
G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

APPENDIX I

```
MVCCD  540*23 *            SENTENCE MONITORING        *    12-14-2017
PAGE 001        *           COMPUTATION DATA          *    10:02:19
                           AS OF 12-14-2017
```

REGNO..: 91040-054 NAME: TSATSIN, VLADIMIR


```
FBI NO...........: 16260PB8        DATE OF BIRTH: 06-15-1980  AGE:  37
ARS1.............: MVC/A-DES
UNIT.............: UNIT C          QUARTERS.....: C04-031U
DETAINERS........: YES             NOTIFICATIONS: NO
```

HOME DETENTION ELIGIBILITY DATE: 10-13-2019

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  04-13-2020 VIA GCT REL


--------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

```
COURT OF JURISDICTION..........: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER..................: 1:(S2) 11-CR-878-01(
JUDGE..........................: KAPLAN
DATE SENTENCED/PROBATION IMPOSED: 04-26-2016
DATE COMMITTED.................: 05-20-2016
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $200.00         $00.00          $00.00        $00.00
```

RESTITUTION...: PROPERTY: NO  SERVICES: NO      AMOUNT: $00.00

 REMARKS.......: 1:(S2) 11-CR-878-01(LAK)

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 820
OFF/CHG: 18:1349: CONSPIRACY TO COMMIT WIRE FRAUD.
        18:1030(A)(4): CONSPIRACY TO COMMIT COMPUTER INTRUSION.

```
SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   87 MONTHS
TERM OF SUPERVISION............:    1 YEARS
DATE OF OFFENSE................: 10-31-2011
```


G0002       MORE PAGES TO FOLLOW . . .

```
   MVCCD   540*23 *            SENTENCE MONITORING          *    12-14-2017
PAGE 002          *            COMPUTATION DATA             *    10:02:19
                              AS OF 12-14-2017
```

REGNO..: 91040-054 NAME: TSASTSIN, VLADIMIR


------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 12-14-2017 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010


```
DATE COMPUTATION BEGAN..........: 04-26-2016
TOTAL TERM IN EFFECT............:   87 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    7 YEARS       3 MONTHS
EARLIEST DATE OF OFFENSE........: 10-31-2011

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                   12-21-2013    04-25-2016

TOTAL PRIOR CREDIT TIME.........: 857
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 341
TOTAL GCT EARNED................: 162
STATUTORY RELEASE DATE PROJECTED: 04-13-2020
EXPIRATION FULL TERM DATE.......: 03-20-2021
TIME SERVED.....................:    3 YEARS      11 MONTHS     25 DAYS
PERCENTAGE OF FULL TERM SERVED..: 54.9

PROJECTED SATISFACTION DATE.....: 04-13-2020
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS........: 05-19-16: COMP ENTERED. JEE/D
                 08-16-16: COMP UPDATED FOREIGN JAIL CREDIT ADDED. JEE/D
                 01-27-17: OFFENSE CODE UPDATED. JDB/D
                 12-14-17: FOREIGN JAIL CREDIT 08-11-11 THRU 12-20-13 REMOVED.
                 JDB/D
```


G0002      MORE PAGES TO FOLLOW . . .

```
  MVCCD  540*23  *            SENTENCE MONITORING            *      12-14-2017
PAGE 003 OF 003 *            COMPUTATION DATA               *      10:02:19
                             AS OF 12-14-2017
```

REGNO..: 91040-054 NAME: TSASTSIN, VLADIMIR


------------------------------- CURRENT DETAINERS: ----------------------------

```
DETAINER NO..: 001
DATE LODGED..: 10-30-2014
AGENCY.......: IMMIGRATION & NATURALIZATION
AUTHORITY....: NEW YORK, NY, POE
CHARGES......: POSSIBLE DEPORTATION; A# 206177714
               RELODGED  05-31-2016  ALLENWOOD, PA  SUB OFFICE
```




G0000       TRANSACTION SUCCESSFULLY COMPLETED

```
  MVCCD  542*22 *              SENTENCE MONITORING           *      12-14-2017
  PAGE 001 OF 001 *              GOOD TIME DATA              *      10:02:38
                               AS OF  12-14-2017
```

```
REGNO...: 91040-054    NAME: TSASTSIN, VLADIMIR
ARS 1...: MVC A-DES                                       PLRA
COMPUTATION NUMBER..: 010                       PRT   ACT DT:
LAST UPDATED:  DATE.: 12-14-2017        FACL..: DSC    CALC: AUTOMATIC
UNIT................: UNIT C            QUARTERS...........: C04-031U
DATE COMP BEGINS....: 04-26-2016        COMP STATUS........: COMPLETE
TOTAL JAIL CREDIT...: 857               TOTAL INOP TIME....: 0
CURRENT REL DT......: 10-09-2020 FRI    EXPIRES FULL TERM DT: 03-20-2021
PROJ SATISFACT DT...: 04-13-2020 MON    PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                   ACTUAL SATISF METHOD:
DAYS REMAINING......:                   FINAL PUBLC LAW DAYS:
GED PART STATUS.....:                   DEPORT ORDER DATED..:
```

```
-------------------------GOOD CONDUCT TIME AMOUNTS-----------------------
```

| START DATE | STOP DATE | MAX DIS | POSSIBLE TO FFT | DIS | ACTUAL TOTALS FFT | VESTED AMOUNT | VESTED DATE |
|---|---|---|---|---|---|---|---|
| 12-21-2013 | 12-20-2014 | 54 | 54 | | | | |
| 12-21-2014 | 12-20-2015 | 54 | 108 | | | | |
| 12-21-2015 | 12-20-2016 | 54 | 162 | | | | |
| 12-21-2016 | 12-20-2017 | 54 | | | | | |
| 12-21-2017 | 12-20-2018 | 54 | | | | | |
| 12-21-2018 | 12-20-2019 | 54 | | | | | |
| 12-21-2019 | 04-13-2020 | 17 | | | | | |

```
     TOTAL EARNED AMOUNT.........................................:    162
     TOTAL EARNED AND PROJECTED AMOUNT...........................:    341
```

```
G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

From: Vladimir Isaytsin
#91040-054
MVCC
555 Geo Drive
Phillipsburg, PA, 16866

RECEIVED
18 MAR -6 PM 1:03
U.S. DISTRICT COURT
S.D. OF N.Y.

2018 MAR -6 PM 3:01
CLERK'S OFFICE
S.D.N.Y.

USA FOREVER

7016 3560 0000 0731 9790

Criminal DKT
No

To: United States District Court
for the Southern District
of New York
Daniel Patrick Moynihan
U.S. Courthouse
40 Foley Square
New York, NY 10007