

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

United States District Courthouse
300 Quarropas Street
White Plains, New York 10601

March 30, 2018

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States* v. *Vladimir Tsastsin*, 11 Cr. 878 (LAK)

Dear Judge Kaplan:

    The Government respectfully submits this letter, in accordance with this Court's order dated March 12, 2018, and in response to the defendant's "Emergency Petition pursuant to Rule 36 of the Federal Rules of Criminal Procedure . . . to correct a clerical error" in the calculation of his sentence by the Bureau of Prisons ("BOP").  (ECF No. 172, hereafter "Pet.").  For the reasons discussed below, the motion should be denied.

## Background

    Vladimir Tsastsin ("Tsastsin" or the "defendant") was arrested in Estonia on November 8, 2011, pursuant to a warrant issued by this District for fraud and computer crimes, and an Estonian arrest warrant for money laundering.  The defendant was initially acquitted by a lower Estonian court of the Estonian charges.  An Estonian appellate court overturned that judgment and found the defendant guilty of money laundering. The Estonian Supreme Court ultimately affirmed the conviction.  According to the Estonian prosecutor in charge of the case, Tsastsin was sentenced to a term of imprisonment of 8 years, 5 months and 19 days for his Estonian crimes.

    The defendant was extradited to the United States on October 30, 2014.  He subsequently pleaded guilty in this District to conspiracy to commit wire fraud and computer intrusion.  On April 26, 2016, this Court sentenced the defendant to a total term of imprisonment of 87 months. Assuming the defendant serves 85 percent of the 87-month term of imprisonment based on good behavior, his actual period of incarceration would be approximately 74 months.

    According to the Estonian prosecutor, and as verified by a copy of the Estonian appellate court's decision, the defendant's detention from November 8, 2011, to December 20, 2013 – or  2 years, 1 month and 13 days – was credited by the Estonian authorities to the defendant's Estonian sentence.  Accordingly, the period from December 21, 2013, onwards should be credited to his U.S. sentence, pursuant to 18 U.S.C. § 3585(b).  Thus, the defendant's release date should be in early 2020.

The Honorable Lewis A. Kaplan
March 30, 2018
Page 2 of 3

In early December 2017, this Office learned that the defendant was scheduled to be released in February 2018. Upon contacting BOP's Designation and Sentencing Computation Center ("DSCC"), this Office learned that DSCC calculated the defendant's release date based on the mistaken understanding that the defendant had been acquitted of all charges in Estonia. That misunderstanding was due to erroneous information that BOP had received via the Justice Department's Office of International Affairs. Accordingly, DSCC credited the entire time that the defendant spent in Estonian custody to his U.S. sentence. DSCC did not contact this Office at the time. Upon learning of the error, this Office provided a copy of the of the Estonian appellate court's decision to BOP in December 2017. Based on that information, which BOP did not hitherto have, DSCC recalculated the defendant's expected release date.

### Administrative Remedy

The defendant's petition indicates that he has begun the process of seeking an administrative review of BOP's computation of his sentence. (Pet. at 5-6). He states that the Warden of the Moshannon Valley Correctional Center denied his request on January 18, 2018, for the reasons explained above; namely, DSCC newly learned that the defendant had not been acquitted of the Estonian charges. (Pet. Appdx F). The defendant further states that he was not satisfied with the Warden's answer and, on January 26, 2018, filed a Regional Administrative Remedy Appeal (Pet. Appdx C), but has not yet received a response.

### Discussion

The Bureau of Prisons, rather than a District Court at the time of sentencing, has the authority and responsibility to calculate when a federal sentence commences and the credit a federal inmate should receive for prior custody. *See* 18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329, 335 (1992). Defendants have the ability to have the computation of their credits administratively reviewed by BOP—and in fact the defendant is currently in the midst of just such an administrative review. *See* 28 C.F.R. §§ 542.10-542.19; *United States v. Wilson*, 503 U.S. at 335. If, after exhausting his administrative remedies, the defendant still desires judicial review of BOP's computation, he may seek it. *See* 28 U.S.C. § 2241; *Wilson*, 503 U.S. at 335; *Adams v. United States*, 372 F.3d 132, 134-35 (2d Cir. 2004) (distinguishing challenge to imposition of sentence under 28 U.S.C. § 2255 from challenge to execution of sentence under 28 U.S.C. § 2241, under which "a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated"); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634-35 (2d Cir. 2001) (recognizing that to obtain relief from the execution of a sentence under 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies or, if he has procedurally defaulted, make a showing of cause and prejudice).

The defendant nevertheless argues that he is entitled to seek relief under Rule 36 of the Federal Rules of Criminal Procedure. However, the cases that the defendant cites are inapposite. In those cases, there was a divergence between the sentence that the sentencing judge intended to impose, and the sentence the judge actually imposed. In *United States v. Claudio*, 44 F.3d 10 (1st

Cir. 1995), it was undisputed that the District Court intended to fashion a sentence in the heroin distribution case before him that, together with another sentence the defendant was serving for another heroin distribution conviction, would result in a total sentence of 142 months' imprisonment. The District Court's calculation took into account thirty months that Claudio had already served on the other sentence, which was undisputed at sentencing. After sentencing, Claudio claimed for the first time that he had, in fact, already served thirty-seven instead of thirty months. Unknown to the District Court at sentencing, the extra seven months was time that the defendant may have served before his other conviction, which may have been subtracted from the sentence for that conviction. Under those circumstances, where the District Court's intent was thwarted because of a factual error, the First Circuit held that Rule 36 was "the more appropriate avenue for relief." *Id.* at 17.

Similarly, in *United States v. Crecelius*, 751 F. Supp. 1035 (D.R.I. Dec. 10, 1990), the District Court "made it clear that it intended to impose the *minimum* sentence permitted by the applicable Sentencing Guidelines which prescribed a range of 12 to 18 months." *Id.* at 1036 (emphasis in original). The Court then imposed a sentence of twelve months' imprisonment, when a term of twelve months and one day would likely have resulted in a lower actual period of incarceration because of the 85 percent rule for good behavior. The Court in that case held that where a sentence failed "to accurately reflect the clearly expressed intent of the sentencing Court," it may be corrected pursuant to Rule 36. *Id.* at 1037.

Here, there was no error in sentencing, only in execution. On receiving evidence of the defendant's Estonian conviction and sentence, BOP corrected its sentence computation. Challenges to such computations are properly addressed in the first instance through the administrative appeals process and, failing that, through a motion pursuant to 28 U.S.C. § 2241. Because the defendant has not yet exhausted his administrative remedies, his application should be denied.

                Respectfully submitted,

                GEOFFREY S. BERMAN
                United States Attorney

By:    /s/ Sarah Lai
       Sarah Lai
       Assistant United States Attorney
       Tel: (212) 637-1944

cc:    Vladimir Tsastsin, *pro se*
      BOP # 91040-054
      Moshannon Valley Correctional Center
      555 Geo Drive
      Philipsburg, PA 16866