UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

---

VLADIMIR TSASTSIN,
       Defendant/Petitioner,

       v.                                                                 Crim. No. 11 CR 878 (LAK)

UNITED STATES,
       Respondent.

---

## REPLY TO PROSECUTOR'S RESPONSE FILED ON MARCH 30, 2018 TO THE MOTION PURSUANT TO RULE 36 OF FEDERAL RULES OF CRIMINAL PROCEDURE

AND NOW, comes petitioner Vladimir Tsastsin, submits this pro se reply to prosecutor's response filed on March 30 to Emergency Petition pursuant to Rule 36 of the Federal Rules of Criminal Procedure ("Rule 36") to correct a clerical error in the Judgment to assist the BOP to calculate the execution of the petitioner's sentence. Petitioner's period of incarceration has expired as of February 28, 2018 and the decision of this Honorable Court will affect petitioner's immediate release. The circumstances of this case are very extraordinary and petitioner's constitutional rights (5th and 8th Amendment) will be violated if petitioner has to be incarcerated for any extra time that exceeds the sentence given by this Court. All of these extraordinary circumstances occurred without petitioner's involvement and/or knowledge.

**1. Regardless of whether it's a mistake on the BOP's part, the credit should be applied pursuant to a *mandatory* provision of the U.S.S.G. §5G1.3(b)**

Prosecutor's opinion is that the BOP erred (had "mistaken understanding" and "erroneous information") in its computation of petitioner's sentence on August 16, 2016 and later, on December 14, 2017, corrected it by rolling back part of the credit (from November 8, 2011 till

1

December 20, 2013). But regardless, this credit pursuant to the provision of the U.S.S.G. §5G1.3 (b) is mandatory for petitioner and petitioner should get this credit. The prosecutor in her reply tries to mislead the Court. Prosecutor states that on August 16, 2016 petitioner got credit because he was acquitted in Estonia. Later the BOP found out that petitioner was convicted by Appeals and Supreme Court in Estonia and removed the awarded credit. Prosecutor states that since there was information (which proved to be false) that the petitioner was acuitted in Estonia, he was entitled to the credit, because the time he had spent in Estonia was not credited against any other sentence. And this was credited pursuant to 18 U.S.C. §3585(b), which is the authority of the BOP. But then the credit according to 18 U.S.C. §3585(b) was rolled back, because the BOP "discovered" that petitioner was not in fact acquitted.

But the prosecutor is trying to mislead the Court, because in his motion petitioner didn't request a credit pursuant 18 U.S.C. §3585(b), but pursuant to a *mandatory* provision of the U.S.S.G. §5G1.3(b).

In its response the Government doesn't even mention U.S.S.G. §5G1.3(b) or dispute any facts from petitioner's motion about this mandatory credit provision, <u>which is the central argument of the motion</u>. Prosecutor doesn't dispute that petitioner has undischarged term of imprisonment, that cases in Estonia and in U.S. are relevant, and doesn't even dispute that petitioner should get foreign jail credit pursuant to U.S.S.G. §5G1.3(b). Which means that prosecutor supports the petitioner's position about full jail credit pursuant to U.S.S.G. §5G1.3 (b).

The opinions of the prosecutor during the sentencing and now contradict each other, because the Government Sentencing Memorandum stated: "To *assist the Bureau of Prisons ("BOP")* with sentence calculation, the Government respectfully requests that the Court indicate whether, in imposing sentence, the Court has, or has not, reduces the term of imprisonment to account for Tsastsin's Estonian sentence. For example, if the Court determines that a sentence at the bottom of the Guidelines range would be appropriate for the defendant's offense conduct, and deducts from that Guidelines sentence that defendant's Estonian sentence, it would *assist the BOP* to have that notes on the record" and in Sentencing Minutes of the petitioner's co-defendants (Sentencing Minutes of the petitioner's co-defendants: Timur Gerassimenko, Dmitri Jegorov and Konstantin Poltev, July 23, 2015, page 41-42), the prosecutor stated: "[...] I think

2

the Court should impose a sentence that you think should be applied to the specific offenses of conviction in this case, state whether or not the Court recommends that it run concurrently or consecutively to the Estonian sentence. Again *that will assist BOP.* [...] It's complicated with the two sets of prosecutions, but what they're saying, what BOP said is if it's not clear to BOP whether the Court has already taken into consideration the foreign sentence [...]" and the Court replied: "[...] Well, of course I've considered it." With the facts above it is clear that now the prosecutor(in contrast to her position during the sentencing) intended to assist the BOP with computation, namely, the application of the *mandatory* provision of the U.S.S.G. §5G1.3(b). The sentencing Court and the prosecutor have no need to discuss any clarifications for the credits pursuant to 18 U.S.C. § 3585, because it is a responsibility of the BOP. And during sentencing the prosecutor even predicted that without any notes on the record (and in the Judgment) it would later create problems with the computation for the BOP. And that is exactly what is happening right now: "Ms. Lai: Because what happens, according to the Bureau of Prisons, is that they often get applications from the defendants to have time credited to their sentence because they're serving a foreign sentence"(Sentencing Minutes of petitioner's co-defendants United States v Timur Gersimenko, Dmitri Jegorov and Konstantin Poltev; July 23, 2015, page 37).

With all the facts presented above, the credit is mandatory for the petitioner and the position of the prosecutor now contradicts the facts and her own position during sentencing.

## 2. Challenge to the execution of a sentence in a § 2241 petition can not be properly raised in this particular case.

Petitioner agrees with the Court that in some cases "[t]he authority to calculate when a federal sentence starts and whether any credit is due for time served prior to the commencement of the federal sentence rests with the BOP rather than the sentencing court". See **United States v. Luna-Reynoso**, 258 F.3d 111, 117 (2d Cir. 2001); Werber, 149 F.3d at 179. See also **Poindexter v. Nash**, 333 F.3d 372, 377 (2d Cir. 2003) ("Under § 2241, a prisoner may challenge the ... calculations by the [BOP] of the credit to be give for other periods of detention.") (quoting **Roccisano v. Menifee**, 293 F.3d 51, 57 (2d Cir. 2002)).

Petitioner was convinced that in August, 2016 he got the credit for the period November 8, 2011 – December 20, 2013 pursuant to U.S.S.G. §5G1.3(b), because on June 10, 2016 the BOP

already had the information about petitioner's conviction and that the period from "[...] November 8, 2016 and following are parts of Estonian sentence" with "deemed date" December 21, 2013. (Appendix A, GEO Group's Memorandum, June 10, 2016). It is clear that the BOP could not award this credit in August 2016 pursuant to 18 U.S.C. §3585(b), because it was already credited against another sentence.

Petitioner initiated Administrative Remedy procedure to find out why his credit was rolled back. But after receiving a response he realized that further appealing would be futile, including 28 U.S.C. §2241. The petitioner does not request that the BOP awards him the credit pursuant to 18 U.S.C. §3585(b) for the period November 8, 2011 – December 20, 2013, because it is not a credit pursuant to 18 U.S.C. §3585(b) and hence not the authority of the BOP. He then proceeded to raise the issue in the sentencing Court.

In this case the issue can't be resolved by a 28 U.S.C. §2241 petition (or any other petition against the BOP) because of the following facts:

**A. Petition pursuant to 28 U.S.C. § 2241 can't resolve this issue because of lack of subject matter jurisdiction over U.S.S.G. § 5G1.3(b).** The current issue with the computation of the petitioner's jail time exists because of the application of U.S.S.G. §5G1.3(b). Commentary to application of U.S.S.G. §5G1.3(b) states that application of prior credit should be performed by sentencing Judge (however, motion pursuant to 28 U.S.C. §2241 should be filed to the Court in the district of incarceration). See Amendment 787, Effective Date: November 1, 2014. Commentary #2(c) (Imposition Of Sentence) for the same paragraph states: "[..] If subsection (b) applies, and the court adjusts the sentence for a period of time already served, the court should *note on the Judgment* in a Criminal Case Order (i) the applicable subsection (e.g., §5G1.3 (b)); (ii) the amount of time by which the sentence is being adjusted; (iii) the undischarged term of imprisonment for which the adjustment is being given; and (iv) that the sentence imposed is a sentence reduction pursuant to §5G1.3(b) for a period of imprisonment that will not be credited by the Bureau of Prisons". "Application of §5G1.3(b) is matter for court, not Bureau of Prisons to decide, even though credit for time served generally falls within province of Bureau of Prisons under 18 USCS §3585". **United States v Drake** (1995, CA9 Or) 49 F.3d 1438, 95 CDOS 1984, 95 Daily Journal DAR 3419.

4

It is clear from the commentary and the case law that the issue with U.S.S.G. §5G1.3(b) is a venue of sentencing Court and not the Court of petitioner's incarceration (or the BOP).

**B. Petition pursuant to 28 U.S.C. § 2241 can't resolve this issue because of § 3585(b).** In 28 U.S.C. §2241 petition petitioner can challenge only the BOP's execution of the sentence, but 18 U.S.C. §3585(b) doesn't allow the BOP to award the credit to the petitioner. 18 USC §3585 (PS 5880.28) explicitly allows the BOP to only give credit "[...] that has not been credited against another sentence [...]", and prohibits to give double credit ("[petitioner] is unable to receive additional credit toward his federal sentence for that period because § 3585(b) precludes him from receiving "double credit." **Wilson, 503 U.S. at 337; Werber, 149 F.3d at 173.**)

The BOP's actions should be unlawful in order to be able to resolve this issue pursuant to 28 U.S.C. §2241.

**C. Petition pursuant to 28 U.S.C. §2241 can't resolve this issue because of the BOP's policies.** BOP's policies doesn't allow to resolve this issue. For example, "The Court has also reviewed the BOP's "Legal Resource Guide to the Federal Bureau of Prisons" available on its website, and which includes a section discussing how the BOP calculates credits for prior terms of custody. The Guide notes that a court's judgment must be carefully drafted to avoid requiring credits for time served when that result would conflict with the statutes. The BOP suggests that when a court intends to adjust a sentence in a manner to allow such prior time credits, the court *"should note on the J&C* the amount of time by which the sentence is being adjusted, the undischarged term of imprisonment for which the adjustment is being given, and that the sentence imposed is a sentence reduction pursuant to U.S.S.G. 5G1.3(b), for a period of imprisonment that will not be credited by the BOP.... Otherwise, it may appear that prior custody credit is being awarded contrary to 18 U.S.C. § 3585(b)." (6th **Cir. United States v. Skidmore** 1:14-cr-090-01).

And also in the BOP's policy (**PS 5800.15**): "Note: 5G1.3 is not an application of jail credit".

It is clear from the BOP's policy that the BOP can't resolve this issue without instructions from the sentencing Court.

Petitioner even agrees with the prosecutor that challenging the BOP's computation should be

done by Administrative Remedy and 28 U.S.C. § 2241, but only when the matter concerns the credit pursuant to 18 U.S.C. § 3585(b). The prosecutor in her response talks only about credit pursuant to 18 U.S.C. § 3585(b), but petitioner's central argument is about the credit pursuant to U.S.S.G. §5G1.3(b). The prosecutor does not dispute petitioner's position that questions about U.S.S.G. §5G1.3(b) can't be resolved in 28 U.S.C. §2241(or Administrative Remedy) which means that she agrees with it. The prosecutor states in her response that: The First Circuit held that Rule 36 was "the more appropriate venue for relief". **Unites States vs. Claudio** 44 F.3d 10 (1st Circuit, 1995), which means that the prosecutor herself brought the case in which the question concerning the credit pursuant to U.S.S.G. §5G1.3 was resolved by Rule 36 and the Court confirmed that it is a right venue for relief. With her own example cases the prosecutor contradicts herself, namely, that the credit pursuant to U.S.S.G. §5G1.3 should be resolved by Rule 36 and not Administrative Remedy or 28 U.S.C. §2241.

Prosecutor tries to mislead the Court because the issue in this case is not 18 U.S.C. § 3585(b) but U.S.S.G. §5G1.3(b), which can't be solved in motion to pursuant 28 U.S.C. §2241, and can be only resolved by motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

Also the prosecutor states that petitioner didn't exhaust all possible administrative remedies. But in case at hand, there are "specific facts and documents showing why exhaustion would be futile." **Rahman v. Wingate** 740 F. Supp. 2d 430, 432 (S.D.N.Y. 2010). It is apparent that administrative remedies and even motion pursuant to 28 U.S.C. §2241 have been and would likely continue to be futile because of the reasons mentioned above.

Petitioner tried to use all possible remedies, but the BOP did not reply in due time (Appendix B. Record of receipt of Administrative Remedy). From the record of the receipt of administrative remedy it is clear that their response is already taking twice as much as it is allowed by the U.S. law. Petitioner till now didn't receive any reply to his Administrative Remedy request or even a notice that the BOP requests extension or extra time to reply.

During co-defendant's sentencing the prosecutor said that: "My conversations with the BOP office that does sentencing calculations. I've had this conversation with them multiple times. So

if the time served is not applied to another sentence, same rules as for federal versus state sentences, if a defendant is prosecuted in federal court and in state court for related crimes, and in custody at the same time, anything that is applied to the state sentence <u>would not be credited to the federal sentence</u>"(co-defendant's sentence, page 40). Which means that the BOP can't resolve questions about the credit pursuant to U.S.S.G. §5G1.3(b) themselves. But now the prosecutor contradicts herself and somehow wants to resolve this issue through the BOP(Administrative Remedy, 28 U.S.C. §2241 petition, etc).

And if the petitioner tries to solve this issue by motion pursuant to 28 U.S.C. §2241 or by Administrative Remedy, this question will be routed to this sentencing Court to intervene anyway, because other Courts or the BOP (DSCC) do not have the authority to resolve the sentencing Court's questions regarding U.S.S.G. §5G1.3(b).

Taking into consideration all the provided facts, the petitioner asks this Honorable Court to intervene because this issue can't be resolved by a motion pursuant to 28 U.S.C. §2241 in the district of incarceration, but only by the petitioner's sentencing Court.

### 3. The Court intended to follow U.S. law and to give mandatory credit

The prosecutor states that the cases that the defendant sides are inapposite, because in these cases there was a divergence between the sentence that the sentencing Judge intended to impose and the sentence the Judge actually imposed. With that the prosecutor infers is that in case at hand there is no divergence between the sentence that the sentencing Judge intended to impose and the sentence the Judge actually imposed. The prosecutor concluded that "there was no error in the sentencing". Thus the prosecutor's opinion is that the Court did not intend to give *mandatory* credit (even though the prosecutor didn't dispute undischarged term of imprisonment, relevant conduct, and application of mandatory provision of U.S.S.G. §5G1.3(b)), hence the Court did not plan to follow the U.S. law. The prosecutor's opinion is incorrect. The petitioner explained in his motion regarding mandatory provision of U.S.S.G. §5G1.3(b): "[...] The Court: So you are asking me to state whether I am going to deduct the time spent in Estonia that is not creditable in the United States. Ms. Lai: Yes. The Court: Okay. [...]" (petitioner's motion dated February 28, 2018, page 7). It is clear that the Court had intent to note the

mandatory credit that complies with the U.S. law in the Judgment, but unintentionally omitted it. Because of the facts presented above all of the cases that petitioner sides are appropriate.

Moreover, even during the sentencing the Government respectfully requested "[...] that the Court indicate [...]" the application of the credit (petitioner's motion dated February 28,2018, page 7). However, now the prosecutor opposes to clarify the mandatory provision of the credit in the Judgment.
So it's not only the petitioner's request to clarify the Judgment pursuant to Rule 36, but it was also a request of the Government during the sentencing and a requirement of the commentary of the application of U.S.S.G. §5G1.3(b) and the BOP's policies.

With this reply to the Governement's response, petitioner asks this Court to grant original motion dated February 28, 2018 and deny the Governement's response filed on March 30, 2018.

Date: 04/03/2018

Respectfully submitted,

Vladimir Tsastsin
BOP # 91040-054
555 Geo Drive,
Philipsburg, PA, 16866

Appendix A. GEO Group's Memorandum, June 10, 2016
Appendix B. Record of receipt of Administrative Remedy

APPENDIX A

# MEMORANDUM

**GEO**
The GEO Group, Inc.

Date: June 10, 2016

Moshannon Valley
Correctional Center
555 GEO Drive
Philipsburg, PA 16866

To: V. Tsastsin BOP# 91040-054, C4-31U

From: R. Forcey, Records Clerk

www.geogroup.com

Re: jail credit

---

I have received a copy of the document from the Designation & Sentence Computation Center that we discussed at Open House. On page two of that document it states "Second, the time periods the defendants were deemed to be in United States custody began on the date they were detained pursuant to the United States extradition request. Prior to that date, they were detained on the Estonian charges." Your "deemed date" is 12-21-2013.

BOP policy statement 5880.28, page 1-14, states "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-- ..that has not been credited against another sentence.

The in question, November 8, 2011 and following, are part of an Estonian sentence. The 19 months 2 days mentioned in the document are marked as part of your jail credit that started 12-21-2013.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA       :     S2 11 Cr. 878 (LAK)

    - v. -       :

VLADIMIR TSASTSIN *ET AL.*,       :

             Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# GOVERNMENT'S SUPPLEMENTAL SENTENCING SUBMISSION

PREET BHARARA
United States Attorney for the
Southern District of New York,
Attorney for the United States of America.

SARAH Y. LAI
Assistant United States Attorney
   *—Of Counsel—*

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 21, 2015

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Room 2240
New York, New York 10007

Re: ***United States* v. *Vladimir Tsastsin et al.*, S2 11 Cr. 878 (LAK)**

Dear Judge Kaplan:

The Government respectfully submits this letter to correct information regarding the sentences that the defendants received in Estonia for their money laundering convictions there. The sentences mentioned in the Government's original sentencing submissions with respect to defendants Timur Gerassimenko, Dmitri Jegorov and Konstantin Poltev were the undischarged portions of their Estonian sentences, not the total sentences imposed. Below is the corrected information, which we have confirmed with Estonian authorities:

| | **Estonian Sentence** | **Undischarged Portion of Estonian Sentence** | **Time Deemed to Have Been in US Custody** |
|---|---|---|---|
| 91040-054 **Tsastsin** | 8 years 5 months 19 days (101 months 19 days) | 76 months 6 days | 12/21/2013 to present (approx. 19 months 2 days) |

Honorable Lewis A. Kaplan                                                   Page 2
July 21, 2015

      The Government respectfully adds two points of clarification. First, as discussed in the Government's original sentencing submissions, under Estonia's parole policy, defendants are eligible for parole after serving approximately 50 percent of their term of imprisonment. Thus, the undischarged portions of the Estonian sentences enumerated above do not represent the actual amount of time the defendants are likely to serve upon their deportation from the United States. Second, the time periods the defendants were deemed to be in United States custody began on the date they were detained pursuant to the United States extradition request. Prior to that date, they were detained on the Estonian charges.

                                                Respectfully submitted,

                                                PREET BHARARA
                                                United States Attorney

                              By: _____
                                   Sarah Y. Lai
                                   Assistant United States Attorney
                                   (212) 637-1944

cc: Glenn Garber, Esq.
    Anthony Strazza, Esq.
    Calvin Scholar, Esq.
    Jeremy Schneider, Esq.
    (All by electronic mail)

APPENDIX B

RECEIPT - ADMINISTRATIVE REMEDY

DATE: MARCH 26, 2018

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      PRIVATIZATION MGT. BRANCH

TO  : VLADIMIR TSASTSIN, 91040-054
      MOSHANNON VALLEY CI     UNT: UNIT C     QTR: C04-031U

THIS ACKNOWLEDGES THE RECEIPT OF THE  REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID        : 934852-R1
DATE RECEIVED    : FEBRUARY 6, 2018
RESPONSE DUE     : MARCH 8, 2018
SUBJECT 1        : CREDIT FOR TIME SPENT IN JAIL
SUBJECT 2        :