UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

2018 OCT 11  AM 9: 06

Commonwealth of Pennsylvania
County of _Clearfield_

------------------------------------------------

UNITED STATES OF AMERICA,

    *-versus-*

VLADIMIR TSASTSIN,

    Defendant.

S1 11 Cr. 878 (LAK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10-11-18_

------------------------------------------------

VLADIMIR TSASTSIN,

    Petitioner

    *-versus-*

UNITED STATES OF AMERICA,

    Respondent.

18 Civ. 5975 (LAK)

------------------------------------------------

**Attorney-Client Privilege Waiver (Informed Consent)**

To: VLADIMIR TSASTSIN

You have made a motion under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that you received ineffective assistance from your former lawyer, Arkady Bukh, Esq. and Charles Kaser, Esq. (referred to in this form as "your former attorneys"). The court has reviewed your papers and determined that it needs to have a sworn testimonial statement from Counsel in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you. However, you should also know that the court will deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within **thirty (30) days** from the date of the Court's Order directing your former lawyer to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated September 30, 2018 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former sentencing attorneys, Arkady Bukh, Esq., Charles W. Kaser, Esq. and my former plea attorneys Jeremy Schneider, Esq., David Stern, Esq., Lucos Anderson, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: 10/03/2018

Signed (or attested) before me on 10/3/2018 by Vladmir Tsastsin

Sworn to before me this 3 day of October, 2018

_Christine Baum_
Notary Public

```
COMMONWEALTH OF PENNSYLVANIA
         NOTARIAL SEAL
   Christine Baum, Notary Public
  Lawrence Twp., Clearfield County
  My Commission Expires March 30, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES
```

RECEIVED
SDNY DOCKET UNIT
2018 OCT 11  AM 9:06

Vladimir Tsastsin
MVCC #91040-054
555 Geo Drive
Philipsburg, PA 16866

October 2, 2018

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York NY 10007

Re:   *United States v. Vladimir Tsastin:*   *S1 11 Cr. 878 (LAK)*
      *Vladimir Tsastin v. United States:*   *18 Civ. 5975(LAK)*

Dear Judge Kaplan:

I have received letter from Prosecutor Lai sent to you dated September 24 2018. I have reviewed letter and cases in it.

First, I have no problem signing waiver, but waiver prosecutor sent me does not list any attorney names. Therefore I redo waiver to include all of my former attorneys, my sentencing attorneys and my plea attorneys.

Second, I see government asked for extension of 30 days after the expiration of my time to sign and return the waiver. That would mean government's response is not due for 60 days. Since I am returning waiver now, government should have 30 days from when it receives the waiver to file its response.

Third, I hope court will permit me opportunity to reply to government's response. If yes, please tell me when my reply is due.

Respectfully submitted,

*Vladimir Tsastsin*
10/03/2018

Hasler
10/03/2018
US POSTAGE

From: Vladimir Tsastsin
#91040-054-C4
MVCC
555 Geo Drive
Philipsburg, PA 16866

RECEIVED
SDNY DOCKET UNIT
2018 OCT 11 AM 9:06

To: United States District Court for
the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
40 Foley Square
New York, NY 10007

Pro Se
SM

CERTIFIED MAIL
7018 0040 0001 1447 2053

USM4OLD
SDNY