UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

UNITED STATES OF AMERICA,

        -versus-

VLADIMIR TSASTSIN,

        S1 11 Cr. 878 (LAK)

        Defendant.
———————————————————————X

VLADIMIR TSASTSIN,

        Petitioner

        -versus-        8 Civ.5975(LAK)

UNITED STATES OF AMERICA,

        Respondent.
-------------------------------------------------------------------X

### DECLARATION OF ARKADY BUKH and CHARLES W. KASER

ARKADY BUKH, Esq., and CHARLES W. KASER, Esq., pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that:

1.    We represented Defendant/Petitioner VLADIMIR TSASTSIN in the above-captioned criminal case, and we familiar with the facts and circumstances set forth in this Declaration. We submit this Declaration, pursuant to this Court's order dated October 1, 2018, Dkt. 183, which ordered trial counsel for Defendant Tsastsin to give sworn testimony addressing the allegations of ineffective assistance of counsel made by Petitioner Tsastsin.

2.    In his Section 2255 Petition, Mr. Tsastsin alleges that "despite his counsel's position against an appeal, Petitioner ordered his counsel to file a notice of

appeal and bring the case to the 2th Circuit." This statement is only partially true as we, as Mr. Tsastsin counsel, indeed, after a thorough analysis and extensive legal research, unanimously came to conclusion that Mr. Tsastsin did not have non-frivolous grounds for his appeal. We communicated that conclusion and the underlying research to Mr. Tsastsin, who, upon due deliberation changed his mind and decided not to pursue his appeal, retracting his prior order to file a Notice of Appeal.

       3.       The basis for this conclusion is the following: it is well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guidelines range is enforceable." United States v. Djelevic, 161 F.3d 104, 106-07 (2d Cir. 1998); accord United States v. Maher, 108 F.3d 1513, 1531 (2d Cir. 1997); United States v. Jacobson, 15 F.3d 19, 22-23 (2d Cir. 1994). "[A] defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, [may not] then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993). See also Lopez v. United States, 2002 U.S. Dist. LEXIS 13500, *6, 2002 WL 1471540 (E.D.N.Y. May 15, 2002); Tian v. United States, 2005 U.S. Dist. LEXIS 14781, *20 (S.D.N.Y. July 21, 2005)("the plea agreement barred Tian from appealing his sentence if it was within or below the stipulated range of 135-147 months. Tian was sentenced to 135 months imprisonment")

       4.       When a defendant has knowingly and voluntarily waived his right to challenge a sentence within a stipulated range, generally he may not challenge a sentence imposed within that range. See, e.g., Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir.

2001); United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000); United States v. Maher, 108 F.3d 1513, 1531 (2d Cir. 1997); Cuevas v. United States, 2002 U.S. Dist. LEXIS 3850, No. 01 Civ. 6672, 2002 WL 372918, at *3 (S.D.N.Y. Mar. 8, 2002) ("As long as a defendant has agreed to a sentence within the stipulated guideline range, and the defendant is sentenced within that range, the defendant has obtained the benefit of his bargain.").

     5.     Here, since Mr. Tsastsin's sentence of 87 months is within the stipulated range of 78 to 97 months' imprisonment he is not entitled to appeal. Thus, by filing an appeal of the sentence Mr. Tsastsin would most likely violate the terms of his plea agreement, which might trigger a catastrophic event causing him to lose the benefits of the plea agreement.

     6.     Additionally, since Mr. Tsastsin waived his right to appeal his sentence, any subsequent changes in law favoring him do not make that waiver unenforceable. Waivers have consistently been held to include later changes in the law that might favor a defendant, absent a provision in the plea agreement explicitly stating otherwise. See, e.g., United States v. Lockwood, 416 F.3d 604, 608 (7th Cir. 2005) ("The fact that Lockwood, the government, and the district court failed to anticipate Booker or its sweeping effect on federal sentencing guidelines does not change [conclusion that appeal waiver included later changes in law favoring the defendant]"); United States v. Haynes, 412 F.3d 37, 38-39 (2d Cir. 2005) ("appeal waivers are applicable to issues arising subsequent to the plea agreement, including issues created by new judicial decisions. The possibility of changes in the law is simply one of the risks allocated by the parties' agreement")(case citations omitted); United States v. Lockett, 406 F.3d 207, 213 (3d Cir. 2005) ("The waiver of an appeal will not be invalidated merely because unanticipated events occur in the future. The prospective nature of waivers has never been thought to place [waivers]

off limits or to render a defendant's act unknowing.") (internal quotation marks omitted); United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005) ("In a plea agreement[] one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts; they limit the parties' ability to take advantage of what may happen over the period in which the contract is in effect."); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005) ("the right to appeal a sentence based on Apprendi/Booker grounds can be waived in a plea agreement"). As the Sixth Circuit has explained:

> Plea bargains always entail risks for the parties-risks relating to what evidence would or would not have been admitted at trial, risks relating to how the jury would have assessed the evidence and risks relating to future developments in the law. The salient point is that a plea agreement allocates the risks between the two parties as they see fit. If courts disturb the parties' allocation of risk in an agreement, they threaten to damage the parties' ability to ascertain their legal rights when they sit down at the bargaining table and, more problematically for criminal defendants, they threaten to reduce the likelihood that prosecutors will bargain away counts with knowledge that the agreement will be immune from challenge on appeal.

United States v. Bradley, 400 F.3d 459, 464 (6th Cir. 2005).

7.  In other words, by entering the plea agreement and stipulating the guidelines range Mr. Tsastsin waived his right to appeal and assumed the risk of the forfeiture of any new law favoring him.  Therefore, we concluded that he did not have non-frivolous grounds to support the appeal.

8. After we made this conclusion, we, well before the expiration of the 14-day-period, communicated it and the underlying research to Mr. Tsastsin, who, upon due deliberation changed his mind and decided not to pursue his appeal, retracting his prior order to file a Notice of Appeal.

9. Similarly, other allegations stated in the Petition are totally meritless as we effectively assisted Mr. Tsastsin in connection with his sentencing as the record indicates. In fact, if we had raised baseless objections and arguments that Mr. Tsastsin now argues in his Petition, that assistance would have been ineffective.

10. Finally, Mr. Tsastsin is totally incorrect when he alleges that his sentencing counsel were unprepared to the sentencing, and that he met Mr. Kaser "for the first time 5 minutes before the hearing." In fact, the firm's attorneys discussed at length with Mr. Tsastsin his incoming sentencing, prepared his speech and debated with him sentencing arguments. Moreover, the undersigned went to meet Mr. Tsastsin in prison to discuss the sentencing issues right before the sentencing. The law office possesses correspondence and legal phone call logs to support the fact that sentencing counsel have spent substantial time for the preparation to the sentencing.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on October 18, 2018         s/Arkady Bukh
                                     _____

                                     Arkady Bukh, Esq.

                                     s/ Charles W. Kaser

                                     _____

                                     Charles W. Kaser, Esq.