*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 18, 2019

**By ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

        Re:  *United States* v. *Vladimir Tsastsin,* **S1 11 Cr. 878 (LAK)**

Dear Judge Kaplan:

      The Government respectfully submits this letter pursuant to the March 27, 2019 Order of Gabriel W. Gorenstein, United States Magistrate Judge (Dkt. No. 192), directing the Government to respond by April 19, 2019 to the Motion for Accounting ("Accounting Motion") submitted by defendant Vladimir Tsastsin ("Defendant") (Dkt. No. 193).

      The Accounting Motion was appended to Defendant's Reply Memorandum in further support of his Motion for Relief pursuant to 28 U.S.C. § 2255.  (Dkt. No. 188 at 43-44).  As a threshold matter, a section 2255 petition can only be used to attack the custodial portion of a defendant's sentence.  The non-custodial portion of a defendant's sentence is not subject to collateral attack because "the monetary components of criminal sentence, such as fines and restitution orders, generally do not restrict liberty so severely as to satisfy the [jurisdictional] custody requirement of § 2255."  *United States* v. *Rutigliano*, 887 F.3d 98, 104-05 (2d Cir. 2018) (citing *Kaminski* v. *United* States, 339 F.3d 72, 86 (2d Cir. 2003) (holding that the restitution order in question was not custodial and therefore not subject to attack through a section 2255 petition).  Likewise, forfeiture orders may not be attacked by way of a section 2255 motion. *Lasher* v. *United States*, No. 12 CR. 868 (NRB), 2018 WL 3979596, at *9 (S.D.N.Y. Aug. 20, 2018), *cert. denied*, 139 S. Ct. 253, 202 L. Ed. 2d 169 (2018), *reh'g denied*, 139 S. Ct. 869, 202 L. Ed. 2d 636 (2019) ("As a threshold issue, forfeiture orders may not be challenged by means of a §2255 habeas petition . . .")  Therefore, the Accounting Motion is not sustainable as any part of Defendant's section 2255 motion for relief.

      Despite the absence of legal foundation for Defendant's request, the Government responds to the Accounting Motion and hereby attaches the Final Order of Forfeiture entered by the Court on April 30, 2014 ("Final Order") (Dkt No. 49).  Notice of the Government's intent to forfeit the Subject Property listed in the Final Order was provided to Defendant on February 6,

2014.  Of the Subject Property, to date the Government has taken possession of a total of USD 2,194,985.01.

>Respectfully submitted,
>
>GEOFFREY S. BERMAN
>United States Attorney
>
>by:  /s/ Sarah Lai
>Sarah Lai
>Assistant United States Attorney
>(212) 637-1944

cc: Vladimir Tsastsin, pro se
   USMS No. 91040-054
   Moshannon Valley Correctional Center
   555 Geo Drive
   Philipsburg, PA  16866