UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/2019
```

-against-                                                       11-cr-00878 (LAK)

VLADIMIR TSASTSIN,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

       In a "Motion for Accounting" [DI-193], Defendant moves for an order requiring the government to "provide a detailed accounting of all funds seized to date [pursuant to the Court's order of forfeiture], specifically including the amounts and account numbers."[1] Although defendant moved for relief from his conviction and sentence under 28 U.S.C. § 2255, a motion denied today, he certifies that he does not seek collateral review of the portion of the judgment of conviction entered against him that ordered the forfeiture of $2.5 million from his 15 frozen bank accounts.[2] Based on my review of defendant's motion for accounting, the only reason that he provides for requesting the detailed accounting is general curiosity.[3]

---

[1] Motion for Accounting 2 [DI-193].

[2] *See* Letter to Hon. Lewis A. Kaplan (Sept. 27, 2019) at 1 [DI-198] ("[M]y request for an accounting was by no means tied to the §2255 motion."); Letter from Vladimir Tsastsin to Hon. Gabriel W. Gorenstein at 1 [11-cr-00887] [DI-196] (similar).

[3] *See* Motion for Accounting at 2 [DI-193] ("In light of the fact that Defendant believes all of the accounts are still frozen more than 7 years [after the order of forfeiture], Defendant respectfully requests this Court order the Government to provide a detailed accounting of all funds seized to date, specifically including the amounts and account numbers."); *see also* Letter from Vladimir Tsastsin to Hon. Gabriel W. Gorenstein at 1 [11-cr-00887] [DI-196] ("As I stated in my motion, the Government froze numerous accounts years ago and it is my understanding many remain frozen today. I believe the Government is required to detail any and all actions it has taken with respect to these accounts and that is why I filed the motion." (citation omitted)).

In its objection, the government contends that defendant's motion is not sustainable as part of his Section 2255 motion because Section 2255 cannot be used to attack noncustodial portions of a sentence.[4] Nonetheless, the objection informed defendant, though without the detail he seeks, that the government thus far has seized approximately $2.195 million from his accounts.[5]

The motion for accounting is denied [DI-193]. While I grant defendant the latitude due to a *pro se* litigant, he has cited no authority – and I am aware of none – requiring me to order the government to disclose this information. To the extent I have any discretion to grant the motion, I find that doing so would be inappropriate where defendant has offered no legitimate need for the detailed accounting he seeks. Without such need, defendant's request would burden the government needlessly.

SO ORDERED.

Dated:   October 23, 2019

_____
Lewis A. Kaplan
United States District Judge

---

[4] Letter from the Government to Hon. Lewis A. Kaplan (Apr. 18, 2019) at 1 [11-cr-00878] [DI-194].

[5] *Id.*