UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -                          No. 11-CR-878(LAK)

VLADIMIR TSASTSIN
            DEFENDANT

---

MOTION TO RECONSIDER ORDER DENYING
DEFENDANT'S MOTION FOR ACCOUNTING
(Pursuant to Local Crim. R. 49.1(d))

COMES NOW Defendant Vladimir Tsastsin, and pursuant to Local Criminal Rule 49.1(d), respectfully moves for reconsideration of the Court's Order dated October 23, 2019 denying his Motion for Accounting[DI-193]. In support thereof, Mr. Tsastsin submits the following:

APPLICABLE LAW

Local Criminal Rule 49.1(d) requires a movant to establish "the matters ... [he] believes the Court has overlooked." "Courts generally supplement Local Crim. R. 6.3," which provides that motion for reconsideration "may not advance new facts, issues or arguments not previously presented to the Court, nor may [they] be used as vehicle[s] for relitigating issues already decided by the Court." United Stated v. Baldeo, No S1 13 Cr. 125(PAC), 2015 U.S. Dist. LEXIS 6152, *2-3(S.D.N.Y. Jan. 20, 2015)(citations omitted).

1

## DISCUSSION

In denying the Motion for Accounting, the Court stated "the only reason [Mr. Tsastsin] provides for requesting the detailed accounting is general curiosity." Order at 1 n.3. The Court futher stated "defendant has offered no legitimate need for detailed accounting." Id at 2. The Court has overlooked two key points.

In response, Mr. Tsastsin first states that the basis of the motion was not at all "general curiosity." Rather, he respectfully submits that the Court has overlooked the critical fact (one which he previously made): many of the 15 accounts listed in Indictment remain frozen today. See Motion for Accounting at 2(cited in n.3 of Court's Order denying Motion for Accounting); Letter from Vladimir Tsastsin to Hon. Gabriel W. Gorenstein at 1[11-cr-00878][DI-196](also cited by the Court in n.3 of its Order). When all of the money in an account is seized, the account is simply closed -- it does not remain frozen/open indefinitely. That some of the accounts are still "frozen" more than seven years later strongly suggests there are in fact funds still remaining in any of these accounts. See Letter from the Government to Hon. Lewis A. Kaplan (Apr. 18, 2019) at 2[11-cr-00878] ("Of the Subject Property, to date the Government has taken possession of a total of USD 2,194,985.01."). The Government could thus quickly (and with little burden) resolve this matter if it were to inform the Court -- and Mr. Tsastsin -- whether in fact it has seized all of the funds in all of the 15 accounts.

Second, as to a "legitimate need for the detailed accounting," perhaps Mr. Tsastsin could have been more clear(again, English is not his native language), but the reason he requested an accounting is that until the Government stated in opposition to the §2255 Motion that it had seized approximately $2.2 million, he was not aware that the $2.5 million judgment he agreed to in his plea agreement had not been satisfied. As Mr. Tsastsin is set to be deported back home early next year, he is trying to fully satisfy this amount -- a point he previously presented to the Court in connection with his Motion for Accounting. See Letter from Vladimir Tsastsin to Hon. Lewis A. Kaplan (Sep. 27, 2019)[11-cr-00878]("my deportation looms and I am simply trying to resolve this matter while I am still in this country."). Seeking to satisfy a criminal judgment constitutes aligitimate need.

CONCLUSION

WHEREFORE, Defendant Vladimir Tsastsin respectfully requests the Court reconsider its denial of his Motion for Accounting, grant him a detailed accounting, and for any such further relief it deems just and proper under the circumstances.

Dated: October 29, 2019

    Respectfully submitted

    _____
    Vladimir Tsastsin
    Pro se Litigant
    Reg. No. 91040-054
    Moshannon Valley
    Correctional Center
    555 Geo Drive
    Philipsburg, PA 16866

cc: Sarah Lai

## CERTIFICATE OF SERVICE

I, Vladimir Tsastsin, Defendant, pro se, in this case, am an inmate confined to an institution. Today, October 29, 2019, I am depositing Motion to Reconsider Order Denying Defendant's Motion for Accounting in the institution's internal mail system, first-class postage prepaid by me, addressed to the following:

>Ms. Sarah Lai
>United States Attorney
>Southern District of New York
>The Silvio J. Mollo Building
>One Saint Andrew's Plaza
>New York, New York 10007

I declare and affirm under penalty of prejury that the foregoing is true and correct.(See 28 U.S.C. §1746; 18 U.S.C. §1621).

Dated: October 29, 2019
       Philipsburg, PA

_____
Vladimir Tsastsin

From: Vladimir Tsastsin
#91040-054
MVCC
555 Geo Drive
Philipsburg, PA 16866

Hasler
10/30/2019
US POSTAGE $004.05
ZIP 16866
011E11683466

CERTIFIED MAIL
7018 2290 0001 5152 2690

To: United States District Court for
the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
40 Foley Square
New York, NY 10007

USDNY