**MANDATE**

19-4004
United States v. Tsastsin

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/06/2021

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand twenty.

Present:	DENNIS JACOBS,
	ROSEMARY S. POOLER,
	RAYMOND J. LOHIER, JR.,
		*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

        *Appellee*,

      v.	19-4004-cr

ANDREY TAAME, AKA SEALED DEFENDANT 2, TIMUR GERASSIMENKO, AKA SEALED DEFENDANT 3, DMITRI JEGOROV, AKA SEALED DEFENDANT 4, VALERI ALEKSEJEV, AKA SEALED DEFENDANT 5, KONSTANTIN POLTEV, AKA SEALED DEFENDANT 6, ANTON IVANOV, AKA SEALED DEFENDANT 7,

        *Defendants*,

VLADIMIR TSASTSIN, AKA SEALED DEFENDANT 1,

        *Defendant-Appellant*.
_____

Appearing for Appellant:	Vladimir Tsastsin, pro se, Philipsburg, PA.

MANDATE ISSUED ON 01/06/2021

| | |
|---|---|
| Appearing for Appellee: | Sarah Y. Lai, David Abramowicz, Assistant United States Attorneys, *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and it hereby is **AFFIRMED**.

Appellant Vladimir Tsastsin and several codefendants were convicted of crimes perpetrated in Estonia. In 2014, the district court entered a forfeiture order transferring title of several specified bank accounts to the Government. Tsastsin agreed, as part of his plea agreement, to a money judgment forfeiting $2,500,000 to the Government. To date, the Government has collected nearly $2.2 million from the subject accounts. Tsastsin, who has since completed his sentence and expects to be deported to Estonia, moved for an order requiring the Government to provide him with a "detailed accounting of all funds seized to date, specifically including the amounts and account numbers." App'x at 13. The district court denied the motion and denied reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

An accounting is an equitable remedy. *See DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 276 (2d Cir. 2006). Equitable remedies are "available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *United States v. Zaleski*, 686 F.3d 90, 92 (2d Cir. 2012) (internal quotation marks omitted). We review a district court's grant or denial of equitable relief for abuse of discretion but review the underlying legal conclusions de novo. *Id*. "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alteration omitted). A district court's denial of reconsideration is also reviewed for abuse of discretion. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Here, the parties agree that there is no legal authority requiring the accounting that Tsastsin requests, and Tsastsin did not present any authority in his motions before the district court. On appeal, Tsastsin compares his request to the accounting required under the Federal Debt Collection Procedures Act "[w]hile a writ of garnishment is in effect," 28 U.S.C. § 3205(c)(9), and to the accounting a district court may conduct to effectuate a default judgment, pursuant to Federal Rule of Civil Procedure 55, *see* Fed. R. Civ. P. 55(b)(2)(A). He argues that these provisions demonstrate that his request is not "extraordinary." Appellant's Br. at 14. However, he is not subject to a writ of garnishment, and his situation is not comparable to a debtor subject to such a writ. As repeatedly noted by the Government, supported by the record, and not refuted by Tsastsin, he had no demonstrable legal interest in the subject accounts even before the accounts were forfeited. Moreover, in 2014, the district court ordered that clear title in the subject accounts pass to the

2

Government. Tsastsin's comparison to Rule 55 is also unavailing because that rule concerns default judgments in civil proceedings, and he has not demonstrated why it would apply to a criminal forfeiture proceeding.

As for equitable reasons to grant the motion, Tsastsin's initial motion, liberally construed, requested the accounting so that he could discern whether the Government's calculation of $2.2 million was accurate. Tsastsin, however, did not explain what right he had to that information or what he would do with it. In his motion for reconsideration, Tsastsin argued that he needed to determine what funds were left in which accounts in order to satisfy his money judgment before leaving the United States. Tsastsin, however, has no property interest in the subject accounts and cannot use them to satisfy his money judgment. He does not explain how he would have authority to transfer funds from those accounts. Even if he did, he would not require the requested accounting in order to use those funds to pay the Government his money judgment. Moreover, the Government has not moved to compel Tsastsin to satisfy the money judgment through forfeiture of any substitute assets.

Having no legal basis or equitable reason to grant Tsastsin's motions for an accounting and reconsideration, the district court did not abuse its discretion in denying them. We have considered Tsastsin's remaining arguments and find them to be without merit. Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3